MORGAN v. CITY OF DETROIT.

1. EMINENT DOMAIN—JUDGMENT DRAWS INTEREST.
Judgment in condemnation proceedings draws interest like any other judgment under statute providing therefor.

2. SAME—REVIEW IS BY ERROR—DETROIT CHARTER.
Review of judgment in condemnation proceedings by city of Detroit, although termed appeal in city charter, is review on error, and Supreme Court may only affirm, or, for substantial error, reverse, judgment and grant new trial.

On right to interest in condemnation proceedings during owners' retention of possession, see annotation in 32 A. L. R. 98.

3. SAME—SUPREME COURT DOES NOT REVIEW DE NOVO.

   Supreme Court does not, on review of judgment in condemnation proceedings, under Detroit city charter, review *de novo*, and, therefore, judgment, if affirmed, remains judgment of trial court.

4. SAME—JUDGMENT DRAWS INTEREST PENDING REVIEW AND AFFIRMANCE.

   Judgment in condemnation proceedings draws interest from its date in trial court rather than from date of its affirmance on review; it losing no virtue in this respect by reason of being reviewed and affirmed in Supreme Court.

Certiorari to Wayne; Brennan (Vincent M.), J. Submitted April 8, 1930. (Calendar No. 34,868.) Decided June 2, 1930.

Mandamus by Ida D. Morgan and another to compel the city of Detroit, a municipal corporation, to pay interest on an award in condemnation proceedings. Defendant reviews judgment for plaintiff by certiorari. Affirmed.

*Donnelly, Donnelly & Munro,* for plaintiffs.

*Clarence E. Wilcox,* Corporation Counsel, and *James H. Lee,* Assistant Corporation Counsel, for defendant.

CLARK, J. The question is whether the judgment in condemnation draws interest pending review in this court.

The defendant city instituted condemnation proceedings against a large number of property owners, among them plaintiffs, to widen Bagley avenue. The city prevailed, and there was final judgment on November 27, 1928. Some of the property owners appealed to this court, and the judgment was affirmed. *In re Widening of Bagley Avenue,* 248 Mich. 1.

The city took the position that it was to pay interest on the judgment only from and after September 12, 1929, the day the remittitur from this court was filed in the trial court.

The plaintiffs demanded interest from the date of the judgment, and, being refused, brought mandamus and had judgment, which the defendant city reviews on certiorari.

The judgment in condemnation draws interest because it is a judgment, and because the statute provides that judgments draw interest. *Rosen* v. *City of Detroit,* 242 Mich. 690; *Campau* v. *City of Detroit,* 225 Mich. 519 (32 A. L. R. 91).

Review in this court, although termed appeal by the charter of the city, title 8, chap. 1, § 12, is the ancient review on error, where "this court can do no more than affirm, or, for any substantial error, reverse the judgment and grant a new trial." *In re City of Detroit for a Park Site,* 227 Mich. 132.

This court does not, under the charter, review *de novo.* The judgment of the trial court, affirmed here, does not become the judgment of this court, but remains the judgment of the trial court. Of review on error of such a judgment, it is said in 3 C. J. p. 1262: "If affirmed by the appellate court, it does not become thereby the judgment of such court, but dates from the time of its original entry."

The judgment, therefore, being that of the trial court entered on November 27, 1928, is the judgment in the case. It draws interest from its date. It lost none of its virtue by being reviewed and affirmed in this court.

Judgment affirmed.

WIEST, C. J., and BUTZEL, MCDONALD, POTTER, SHARPE, NORTH, and FEAD, JJ., concurred.