Weygandt, C. J.
 

 The respondents contend that claims against the state of Ohio bear no interest in the absence of specific provision therefor, and that Section
 
 *454
 
 8305, General Code, contains no clause relating to awards resulting from an exercise of the power of eminent domain.
 

 The relator concedes the general correctness of these views, but asserts that the question in the instant case is controlled by Article I, Section 19, of the Constitution of Ohio, rather than by statute.
 

 The pertinent language of the Constitution is as follows: “Where private property shall be taken for public use, a compensation therefor shall first be made in money, or first secured by a deposit of money; and such compensation shall be assessed by a jury, without deduction for benefits to any property of the owner.”
 

 Although the Fifth Amendment to the Constitution of the United States is a limitation upon the federal government, rather than upon the states, it is worth noting that the language used is similar to that of the Constitution of Ohio. The former uses the phrase “just compensation” instead of the single word “compensation.” However, in this respect, the intendment of the two is manifestly identical.
 

 The matter clearly resolves itself into a question of constitutional, rather than statutory, interpretation. If the word “compensation,” as used in the Constitution of Ohio, includes interest, then of course the Legislature is without authority to provide for a taking in such instances without payment of the principal sum together with interest thereon.
 

 In 10 Ruling Case Law, 163, appears the following statement of the rule generally recognized by both the federal and the state courts: “When an owner is actually dispossessed of his property before his compensation is paid he is entitled to interest from the time of such dispossession to the time of payment; and when damage is inflicted upon property for which the owner is entitled to compensation, if the injury is complete, interest begins to run from the time of the presentation of the claim.”
 

 
 *455
 
 In 20 Corpus Juris, 807, the rule is stated as follows: “According to the great weight of authority, where payment of compensation does not accompany the taking of land for public use but is postponed to a later period, the landowner is entitled to interest, to be computed from the time of the taking, or, what amounts to the same thing, to damages in the nature of interest for delay in payment-of the compensation # * * ) ?
 

 In Lewis on Eminent Domain, volume 2, Third Edition, Section 742, this language is used: “In the absence of any statutory provisions controlling the subject, the rules in respect to interest must be derived from the constitutional provision requiring just compensation to be made for property taken. Where damages are assessed for property which has already been lawfully appropriated to public use, interest should be allowed from the time of the appropriation, or entry on the property. * * * As his just compensation is withheld from him, though necessarily, he should have an equivalent for such withholding, and that, in law, is legal interest. This is just to the owner.”
 

 In 15 Ann. Cas., 109, appears the following statement of the rule: “It has been repeatedly held that where the law permits the possession of land to be taken under eminent domain proceedings before its value has been appraised and paid or tendered to the owner, or where possession has been taken without the institution of such proceedings, and the owner acquiesces in a subsequent claim of the right of eminent domain, the just compensation to which the owner is entitled includes interest on the value of the land from the time possession was taken by the condemnor.”
 

 To the same effect is the following language in 15 Ohio Jurisprudence, 865: “Compensation, to be full, must include interest from the time of the injury.”
 

 The view of the federal courts is illustrated by the case of
 
 Seaboard Air Line Ry. Co.
 
 v.
 
 United States,
 
 261
 
 *456
 
 U. S., 299, 43 S. Ct., 354, 67 L. Ed., 664. In his opinion Mr. Justice Butler says: “The rule above referred to, that in the absence of- agreement to pay or statute allowing it the United States will not be held liable for interest on unpaid accounts and claims, does not apply here. The requirement that ‘just compensation’ shall be paid is comprehensive and includes all elements and no specific command to include interest is necessary when interest or its equivalent is a part of such compensation. Where the United States condemns and takes possession of land before ascertaining or paying compensation, the owner is not limited to the value of the property at the time of the taking; he is entitled to such addition as will produce the full equivalent of that value paid contemporaneously with the taking. Interest at a proper rate is a good measure by which to ascertain the amount so to be added. The legal rate of interest, as established by the South Carolina statute was applied in this case. This was a ‘palpably fair and reasonable method of performing the indispensable condition to the exercise of the right of eminent domain, namely, of making ‘just compensation’ for the land as it stands, at the time of taking.”
 

 Then in the very recent case of
 
 Jacobs
 
 v.
 
 United States,
 
 290 U. S., 13, 54 S. Ct., 26, in the second paragraph of the syllabus as reported in 78 L. Ed., —, the following language is used: “Interest on the amount of damage caused by the construction of a dam to lands which were intermittently flooded in consequence, from the date of its completion, is a part of the just compensation recoverable by the landowner.”
 

 In his opinion Mr. Chief Justice Hughes used this language:
 

 “The suits were based on the right to recover just compensation for property taken by the United States for public use in the exercise of its power of eminent domain. That right was guaranteed by the Constitution. The fact that condemnation proceedings were
 
 *457
 
 not instituted and that the right was asserted in suits by the owners did not change the essential nature of the claim. The form of the remedy did not qualify the right. It rested upon the Fifth Amendment. Statutory recognition was not necessary. A promise to pay was not necessary. Such a promise was implied because of the duty to pay imposed by the Amendment. The suits were thus founded upon the Constitution of the United States. * * *
 

 “The amount recoverable was just compensation, not inadequate compensation. The concept of just compensation is comprehensive and includes all elements, ‘and no specific command to include interest is necessary when interest or its equivalent is a part of such compensation.’ The owner is not limited to the value of the property at the time of the taking; ‘he is entitled to such addition as will produce the full equivalent of that value paid contemporaneously with the taking.’ Interest at a proper rate ‘is a good measure by which to ascertain the amount so to be added. ’
 
 Seaboard Air Line R. Co.
 
 v.
 
 United States,
 
 261 U. S., 299, 306, 67 L. Ed., 664, 669, 43 S. Ct., 354.”
 

 That the rule in Ohio courts is the same as the federal rule is illustrated by the following unmistakable language used in the syllabus of the early case of
 
 Atlantic & Great Western Ry. Co.
 
 v.
 
 Koblentz,
 
 21 Ohio St., 334: “Where a railroad company, in proceedings under the statute for condemnation of private property, pays into court the damages assessed, and takes possession of the property, and upon petition in error the assessment is set aside, and a new assessment awarded, it is competent for the jury in making the latter assessment, to allow and include in their verdict, interest from and after the time when possession was taken, and while the money was retained by the court.”
 

 The opinion contains this language: “Where private property is taken by the public for its use, the
 
 *458
 
 constitution guarantees to the owner a full compensation. To take the property, and deposit the compensation in the hands of a public officer, where the owner cannot reach it, is to deprive the owner of the use of his property, without giving him the use of the compensation. It is, to take from him the
 
 use
 
 of his property without
 
 any
 
 compensation. In the light of this constitutional provision, the real parties to the transaction are the public on the one hand, and the owner of the property on the other. By its laws the public has authorized the corporation, as its agent, to take the property, and has provided that the compensation shall be withheld, in the hands of one of its own officers, after the property is taken. This, of course, necessitates a loss to some one, of the interest on that compensation. It is not just that the loss should be cast upon the owner. The law by which the loss is occasioned is no act of his, but an act of the public, and he has no power to repeal or modify it, so as to avoid the loss. He is compelled to be passive, and can only insist, as he does in this case, that compensation for his property taken by the public, shall either be paid at the time it is taken, or paid with interest, or with a fair allowance for the use of the property during the time it is withheld.”
 

 It is urged by the respondents that this case is not decisive of the instant question because no judgment was involved and because the appropriation proceeding was brought by a private corporation rather than by the state of Ohio. However, no citations are offered in support of this view, and no such distinctions seem to be justified by either reason or authority.
 

 Furthermore, it should be observed that the pronouncement in the case of
 
 Atlantic & Great Western Ry. Co.
 
 v.
 
 Koblentz, supra,
 
 has never been modified. On the contrary, it has been cited, approved, and followed in the eases of
 
 City of Cincinnati
 
 v.
 
 Whetstone,
 
 
 *459
 
 47 Ohio St., 196, 24 N. E., 409, and
 
 Longworth
 
 v.
 
 City of Cincinnati,
 
 48 Ohio St., 637, 29 N. E., 274.
 

 Although the authorities are almost unammous as to the allowance of interest on such an award, they are not in agreement as to the date from which it is to be computed. However, no difficulty is presented by the instant case, inasmuch as the relator does not ask this court to allow interest prior to the date of the judgment, wMch was not rendered until some months after the- respondent, Merrell, took possession of the property and completed the improvement. The following statement appears in Lewis on Eminent Domain, volume 2, TMrd Edition, 1324, Section 742: “As to interest on the award or judgment for compensation, some of the cases hold that it bears interest from the date of confirmation or entry, like an ordinary judgment; others that interest should only be computed from the date of possession by the party condemMng, or from the time when the owner can enforce payment, or from the time of demand.”
 

 In view of the foregoing, it is clear that the demurrer must be overruled and the peremptory writ ordered to issue in conformity with the prayer of the relator’s petition.
 

 Demurrer overruled a/nd writ allowed.
 

 Allen, Stephenson, Jones, Matthias, Bevis and Zimmerman, JJ., concur.