*In re* PETITION OF STATE HIGHWAY COMMISSIONER.

VAN WAGONER *v.* MORRISON.

1. EMINENT DOMAIN—INTEREST—JOINT AWARDS ON INCUMBERED PROPERTY.

Fact that mortgagees of incumbered parcels, taken in condemnation proceedings, made demand for interest *held*, not controlling as to liability of condemnor for interest, on appeal from allowance thereof from date of actual impairment of negative reciprocal easement rather than from date of confirmation of awards made jointly to mortgagors and mortgagees without apportionment.

2. SAME—CONSTITUTIONAL LAW.

One whose property is taken for public use has the constitutional right to just compensation (Const. 1908, art. 13, § 1).

3. SAME—DAMAGES—INTEREST.

Interest on a deferred payment of an award in condemnation proceedings is a just element of damages.

4. SAME — CONSTITUTIONAL LAW — STATUTES — DETERMINATION OF
NECESSITY—COMPENSATION.

Under the Constitution and statutes, there must be both the de-
termination of necessity and compensation made or secured be-
fore the condemnor can take possession of condemned property
(Const. 1908, art. 13, § 1; 1 Comp. Laws 1929, § 3888).

5. CONSTITUTIONAL LAW — EMINENT DOMAIN — DUE PROCESS — DE-
FERRED PAYMENT OF COMPENSATION.

State, in first taking private property for public use and having
subsequent appraisal of damages by commissioners appointed
by the court, does not by deferment of payment months or
years later deny due process of law (Const. 1908, art. 13, § 1;
1 Comp. Laws 1929, § 3888).

6. EMINENT DOMAIN—DEFERRED PAYMENT OF COMPENSATION—IN-
TEREST.

Since owner of property which is condemned for public use is en-
titled to full equivalent of its value paid contemporaneously
with the taking, where payment is deferred to a subsequent
date the addition of interest at a proper rate is necessary in
order that owner shall have ''just compensation'' as required
by Constitution (Const. 1908, art. 13, § 1; 1 Comp. Laws 1929,
§ 3888).

7. SAME—INTEREST—STATUTES—CONSTITUTIONAL LAW.

Claim that there is no authority either by statute or custom for
addition of interest, prior to confirmation of award in con-
demnation proceedings five years after taking of the property,
to damages as originally appraised at time of taking, as
against the sovereign State *held*, untenable in view of provi-
sion of Constitution for payment of just compensation (Const.
1908, art. 13, § 1; 1 Comp. Laws 1929, § 3888).

8. SAME—NEGATIVE RECIPROCAL EASEMENTS—INTEREST BETWEEN
ACTUAL IMPAIRMENT AND CONFIRMATION OF AWARD.

Payment of interest from time of actual impairment of negative
reciprocal easements in other parcels in restricted plat *held*,
essential to satisfaction of constitutional requirement that
owner be paid just compensation as against contention that
there was no physical taking of such various easement prop-
erties and that owners were permitted to continue to occupy
same pending confirmation of award some five years later
(Const. 1908, art. 13, § 1; 1 Comp. Laws 1929, § 3888).

9. SAME—APPEAL AND ERROR—QUESTIONS REVIEWABLE—INTEREST BETWEEN DATE OF DETERMINATION OF NECESSITY AND DATE OF TAKING.

Claim that interest should be allowed from date State highway commissioner filed his report of determination of necessity to condemn land in restricted subdivisions in which owners of other lots had negative reciprocal easements rather than date of actual taking of possession *held*, not before Supreme Court for review, where owners of such easements failed to appeal from allowance of interest as of later date (Const. 1908, art. 13, § 1; 1 Comp. Laws 1929, § 3888).

Appeal from Probate Court of Oakland County; McGaffey (Dan A.), J. Submitted January 20, 1937. (Docket No. 131, Calendar No. 39,338.) Decided March 2, 1937.

Petition by State Highway Commissioner for the condemnation of certain lands in Oakland County, Michigan. From orders confirming the reports of commissioners and providing for the payment of interest, the State Highway Commissioner and Grand Trunk Western Railroad Company appeal. Affirmed.

*Raymond W. Starr*, Attorney General, and *Edmund E. Shepherd*, Assistant Attorney General, for State Highway Commissioner.

*H. Victor Spike* and *John J. Gafill*, for Grand Trunk Western Railroad Company.

*Arthur E. Moore*, for defendants Morrison and others.

NORTH, J. In October and November, 1935, the probate court of Oakland county entered orders confirming appraisals of damages made in highway

condemnation proceedings. The object of these proceedings was to obtain a right of way for the relocation of the Grand Trunk Railroad so that its former right of way might be used in the Woodward Avenue widening project. (See *Johnstone* v. *Railway Co.*, 245 Mich. 65 [67 A. L. R. 373].) In the orders of confirmation, interest at the rate of 5 per cent. per annum on the awards was allowed from September 1, 1930, by the probate judge. Appellants contest the validity of the allowance of interest.

In these cases there was no actual physical taking of the property in the usual sense. Instead the awards were for the taking or impairment of the property owners' rights in negative reciprocal easements in other parcels of a restricted plat, which appellees assert lessened the value of their properties located in the same plat. As to incumbered properties the awards were made jointly to the mortgagors and mortgagees without apportionment in accordance with their respective interests. In some instances the demand for payment of interest is being made by the mortgagee. That circumstance, however, would not seem to be at all controlling.

The State highway commissioner made and filed determinations of necessity on and prior to October 16, 1929. Because he found as to each of these parcels the benefits fully offset the damages, he reported no amount due the property owners as damages. Commissioners were subsequently appointed by the probate court of Oakland county and they filed an appraisal of damages made as of the date of the State highway commissioner's report, October 16, 1929. It is agreed that the railroad company actually occupied the condemned right of way on September 1, 1930. On and after October 21, 1935, the probate judge entered orders confirming the ap-

praisals of damages to the respective parcels of property involved, and in the court's orders of confirmation it was provided that interest at the rate of 5 per cent. per annum, computed from September 1, 1930, should be paid as a part of the compensation to the respective property owners for damage sustained. It is from this provision in the orders of confirmation awarding interest that this appeal is taken. In an opinion filed by the probate judge he gives the reason for his determination. We quote:

"The (instant) cases differ from those in which there is a physical taking of the owner's property. Here there was no taking of the property in the ordinary sense, but, from the date of the construction of the railroad through the several restricted subdivisions, the lots in question were rendered less valuable through the breaking of the restrictions. This damage did not arise upon the determination of necessity by the State highway commissioner but rather upon the date of construction of the railroad through each restricted subdivision. Until that time there was only a threatened breach of the restrictions. Prior to that date the State or the railroad company might have abandoned the improvement, or diverted the course of the railroad, in which event there would have been no damage. When the railroad was actually constructed, however, the threatened damage became an actuality, and the value of defendants' lots in each of the restricted subdivisions was thereupon decreased. At this point an obligation arose upon the part of the State to recompense the owners for their damage, because there was then an actual taking of their property in the constitutional sense."

In support of their contention that interest should be allowed only from the date of confirmation, appellants cite and rely upon the following cases:

*People, ex rel. Anderson,* v. *Township Board of LaGrange,* 2 Mich. 187; *Campau* v. *City of Detroit,* 225 Mich. 519 (32 A. L. R. 91); *Rosen* v. *City of Detroit,* 242 Mich. 690; *Morgan* v. *City of Detroit,* 251 Mich. 63. The three cases last above cited lend little, if any, support to appellants' contention. Instead, so far as pertinent here, each of these three cases only reiterates the rule (as applied to the facts in the particular case) that in condemnation proceedings interest begins to accrue on the award at the time of confirmation. It does not appear in any of these three cases that a claim for interest prior to the date of confirmation was asserted. Instead the actual taking or appropriation of the land, so far as appears in each of these cases, did not antedate the confirmation. This is expressly noted in the *Campau Case, supra,* from which we quote, 530:

"In this case we are not troubled with any question of damages or interest based on actual or constructive taking prior to the award, as in many cases to be found."

In *People, ex rel. Anderson,* v. *Township Board of LaGrange, supra,* the court held the property owner was not entitled to mandamus requiring the township board to pay interest on an award of $350 made by appraisers April 14, 1849. At that time the proceeding was in no sense a judicial proceeding. This is noted in the later case of *Campau* v. *City of Detroit, supra.* Further, the statute (Rev. Stat. 1846, chap. 25, § 12) provided that the damages after being determined "shall be levied and collected * * * and shall be paid by the township treasurer." Only the amount of ascertained damages could be levied for the statute contemplated deferring of payment until that amount had been "levied and collected"

as a part of the taxes for the ensuing year. Hence the court held that the property owner was not entitled to interest in the interim. Further, notwithstanding the Constitution of 1835 provided private property should not be taken for public use "without just compensation therefor" (see Const. 1835, art. 1, § 19), still it is worthy of note that in the *Anderson Case* no claim of a right to compensation by the property owner based upon the constitutional provision for "just compensation" appears to have been made. We think the decision in the *Anderson Case* is not controlling in the instant case because of the variance in both law and facts, and also because the claim for added interest made by the property owner was not asserted on the constitutional ground of "just compensation."

The instant case is somewhat unusual in that the actual appropriation of the property rights for which the commissioners made appraisals of damages occurred a number of years prior to the date of confirmation. As noted above the respective dates are September 1, 1930, and October 21, 1935. Relying upon both the Federal and State constitutional provisions,* appellees claim that as an element of damages they are entitled to interest on the appraised amount of their damages from and after the time appellants deprived them of their property rights for which the damages were awarded. It is conceded that the appraisals of damages by the commissioners were made as of a date prior to September 1, 1930. This being true, appellees assert that they will not be justly compensated for the loss to which they have been subjected except there is included as an element of their damages interest computed from the date property rights were taken.

---

* See U. S. Const., am. 5; Mich. Const. 1908, art. 13, § 1.—REPORTER.

There can be no question but that one whose property is taken for public use has the constitutional right to "just compensation;" and, as hereinafter noted, there is an abundance of authority that interest on a deferred payment of an award is a just element of damages. As applied to the instant case the provision in the Federal Constitution does not differ materially from that in the Michigan Constitution, which we quote:

"Private property shall not be taken by the public nor by any corporation for public use, without the necessity therefor being first determined and just compensation therefor being first made or secured in such manner as shall be prescribed by law." Const. 1908, art. 13, § 1.

Because of the above quoted constitutional provision and also statutory requirements (1 Comp. Laws 1929, § 3888) there must be both the determination of necessity and compensation made or secured before the condemnor can take possession of the condemned property. But if, as in the instant case, there is a subsequent appraisal of damages by commissioners appointed by the court, actual payment of "just compensation" may not be made to the property owner until months or years after the taking of the property by the State. The right of the State to proceed in this manner has been sustained by the United States supreme court. It does not constitute denial of due process of law. *Backus* v. *Fort Street Union Depot Co.,* 169 U. S. 557 (18 Sup. Ct. 445); *Dohany* v. *Rogers, State Highway Com'r,* 281 U. S. 362 (50 Sup. Ct. 299, 68 A. L. R. 434). But in cases wherein the State appropriates private property prior to actual payment or security of the full measure of compensation, the question arises, in event of deferred payments, as in the in-

stant case, whether the property owner actually receives "just compensation" except as an element of his damages he is awarded interest for the intervening period.

"The requirement that 'just compensation' shall be paid is comprehensive and includes all elements and no specific command to include interest is necessary when interest or its equivalent is a part of such compensation. Where the United States condemns and takes possession of land before ascertaining or paying compensation, the owner is not limited to the value of the property at the time of taking; he is entitled to such addition as will produce the full equivalent of that value paid contemporaneously with the taking. Interest at a proper rate is a good measure by which to ascertain the amount so to be added. * * * The addition of interest * * * is necessary in order that the owner shall not suffer loss and shall have 'just compensation' to which he is entitled." *Seaboard Air Line R. Co.* v. *United States,* 261 U. S. 299, 306 (43 Sup. Ct. 354).

"And, if the taking precedes the payment of compensation, the owner is entitled to such addition to the value at the time of the taking as will produce the full equivalent of such value paid contemporaneously. Interest at a proper rate is a good measure of the amount to be added." *Brooks-Scanlon Corp.* v. *United States,* 265 U. S. 106, 123 (44 Sup. Ct. 471).

"We agree with the courts below that the allowance of just compensation by giving interest from the time of taking until payment is a convenient and fair method of ascertaining the sum to which the owner of the land is entitled." *United States* v. *Rogers,* 255 U. S. 163, 169 (41 Sup. Ct. 281).

Decisions in the following cases are in accord with those above quoted: *United States* v. *First National Bank,* 250 Fed. 299; *Commercial Station Post Office* v. *United States* (C. C. A.), 48 Fed. (2d) 183; *Miller*

v. *United States,* 61 App. D. C. 58 (57 Fed. [2d] 424); *Hays* v. *Ingham-Burnett Lumber Co.,* 217 Ala. 524 (116 South. 689); *City of Los Angeles* v. *Gager,* 10 Cal. App. 378 (102 Pac. 17); *Selma, Rome & Dalton R. Co.* v. *Redwine,* 51 Ga. 470; *Moll* v. *Sanitary District of Chicago,* 228 Ill. 633 (81 N. E. 1147); *Guinn* v. *Railway Co.,* 131 Iowa, 680 (109 N. W. 209); *Lake Koen Navigation, Reservoir & Irrigation Co.* v. *McLain Land & Investment Co.,* 69 Kan. 334 (76 Pac. 853); *Raney* v. *North Topeka Drainage District,* 84 Kan. 688 (115 Pac. 399); *Sioux City, etc., R. Co.* v. *Brown,* 13 Neb. 317 (14 N. W. 407); *Atchison, T. & S. F. R. Co.* v. *Richter,* 20 N. M. 278 (148 Pac. 478, L. R. A. 1916 F, 969); *People, ex rel. Central Trust Co. of New York,* v. *Stillings,* 136 App. Div. 438 (121 N. Y. Supp. 13); *Abernathy* v. *Railroad Co.,* 159 N. C. 340 (74 S. E. 890); *Atlantic & Great Western R. Co.* v. *Koblentz,* 21 Ohio St. 334; *State, ex rel. Steubenville Ice Co.,* v. *Merrell,* 127 Ohio St. 453 (189 N. E. 116); *Whitcomb* v. *Philadelphia,* 264 Pa. 277 (107 Atl. 765); *Houston Independent School District* v. *Reader* (Tex. Civ. App.), 38 S. W. (2d) 610.

In behalf of appellants it is urged that there is no provision in the law of Michigan for computing interest on unliquidated damages, and that in condemnation proceedings the appraised damages are unliquidated prior to the order of confirmation. Hence, it is urged that interest may not be added to the appraised amount of damages prior to confirmation. Consideration of the question of computing interest on unliquidated damages was given by this court in a case wherein a property owner sought damages from a railroad company for having constructed a railroad in the street in front of his prop-

erty without having brought condemnation proceedings.  We quote from the opinion:

"Complaint is made of the instruction to the jury to add interest. * * * The authorities are not uniform upon this subject.  The old rule undoubtedly was that interest could not be allowed upon unliquidated damages, and, in actions of tort, damages are of course unliquidated.  The tendency of courts has been, however, to set this rule aside, and adopt the more reasonable one, in cases of injury to property, that the jury must first determine the actual damage sustained, and allow interest upon that sum from its date. * * * We think there was no error in the instruction."  *Taylor* v. *Railway Co.*, 101 Mich. 140.

On this phase of the law see, also, *Seaboard Air Line R. Co.* v. *United States, supra.*

Appellants not only urge that there is no authority either by statute or custom for adding interest, prior to confirmation, to the damages as originally appraised, but further that a claim for such interest is untenable as "against the sovereign State of Michigan where no provision is made therefor in the Constitution or by statute."  We think the clear answer to this contention is that adequate authority for charging interest is found in the constitutional provision for "just compensation."  This question was before the (Ohio) court in *State, ex rel. Steubenville Ice Co.*, v. *Merrell, supra;* and notwithstanding there was no statutory authority for so doing, interest on compensation was allowed, decision being based upon a constitutional provision for "compensation."  The court said:

"The matter clearly resolves itself into a question of constitutional, rather than statutory, interpreta-

tion. If the word 'compensation,' as used in the Constitution of Ohio, includes interest, then of course the legislature is without authority to provide for a taking in such instances without payment of the principal sum together with interest thereon.''

We are not in accord with appellants' contention that interest should not be allowed because there was no physical taking of the various properties but instead the owners have been permitted to continue their occupation and use thereof. If this contention were sound the property owners in cases of this character wherein there is no physical taking of their property, might be indefinitely deprived of payment and wholly without redress for the attendant loss. In such event their constitutional right to ''just compensation'' would clearly be defeated.

In the probate court, appellees contended they were entitled to have interest computed from the date the State highway commissioner filed his report of determination (October 16, 1929), instead of the date the railroad company took possession of the new right of way (September 1, 1930). The probate judge held that the computation should be from the later one of these two dates. The property owners have not appealed from this adverse holding and hence the question is not before us for review. While the right to interest prior to confirmation because of deferred payment of an award may vary with the facts of individual cases, under the facts presented by this record we think the probate judge, upon the confirmation hearings more than five years after appellees' properties had been appropriated, was not in error in holding as a matter of law that he should add to the amount of the commissioners' appraisals interest at the legal rate computed from the

time the railroad company took possession of the right of way.

The respective orders of confirmation from which this appeal was taken are affirmed.  Costs to appellees.  The case is remanded to the probate court of Oakland county.

FEAD, C. J., and WIEST, BUTZEL, BUSHNELL, SHARPE, POTTER, and CHANDLER, JJ., concurred.