ARKANSAS–MISSOURI POWER COMPANY, a corporation, Plaintiff-Respondent,

v.

Gwendolyn A. HAMLIN, Cloyd Handley and Dwight E. Hamlin, Defendants-Appellants.

No. 7442.

Springfield Court of Appeals. Missouri.

March 2, 1956.

Blanton & Blanton, Sikeston, for defendants-appellants.

Ward & Reeves, Caruthersville, for plaintiff-respondent.

RUARK, Judge.

In this, a condemnation suit, the commissioners by their report filed May 31, 1950, awarded the landowner-appellants $3,600 damages. On June 3, 1950, the money having been paid into the registry, the court entered an order authorizing entry of possession by the condemnor-respondent. The owners took down the award and filed their exceptions and demand for jury. Change of venue having been taken from Pemiscot County by the condemnor, the cause was tried to a jury, which, on September 16, 1954, returned a verdict fixing the damages at $16,000, and judgment was entered in favor of condemnees in amount of $12,400, the difference between the original deposit on the commissioners' award and the sum finally found by the jury.

The first question presented is, is a condemnee entitled to recover interest on the difference ($12,400 in this instance) between the amount of commissioners' award and the jury's determination of the damages? Our conclusion is in the affirmative.

Stated generally, and without intending to enlarge or restrict such statement to any factual or procedural situation except the one at hand, we agree with the great weight of authority that the landowner whose land has been condemned is entitled to compensation in the amount of the value of his property as of the date of taking, and this includes the value of (the use of) the property from the date he (contrary to his will or agreement) is put out of owner's possession until full payment (which is necessary to complete the legal taking under the constitution) has been completed in the sense that such payment is made available to the owner or judgment is rendered therefor.

Since the owner is entitled to just compensation for the use of his property in the interim (or damages for delay in payment, as it is often called), in at least those cases where the value of the use pending payment is not shown by some other method, we use as a measuring stick the value of the use of the money which stands for and in lieu of the land, hence interest at the legal rate.

Until the just compensation is paid to the owner, or into court for the owner, the property shall not be disturbed or the proprietary rights of the owner therein divested. Constitution, art. 1, § 26, V.A.M.S. The measure of damages (compensation) is obtained *as of* the date of the appropriation. In re Armory Site in Kansas City, Mo.Sup., 282 S.W.2d 464, 470; State ex rel. State Highway Commission v. Blobeck Inv. Co., 233 Mo.App. 858, 110 S.W.2d 860. Such date of appropriation is usually the date the condemnor pays into court the amount of the commissioners' award. Section 523.040 RSMo 1949, V.A. M.S.; Kansas City Southern R. Co. v. Second Street Imp. Co., 256 Mo. 386, 166

S.W. 296, 302; State ex rel. State Highway Commission v. Houchens, Mo.App., 235 S.W.2d 97. And the jury is commonly instructed to measure the amount of the owner's compensation by the difference in value before and after such date. State ex rel. State Highway Commission v. White, Mo. App., 254 S.W.2d 668, and cases reviewed; State ex rel. State Highway Commission v. Cook, Mo.App., 161 S.W.2d 691.

█ It would unnecessarily lengthen this opinion to discuss and review the many authorities which hold the condemnee is entitled to interest from the date of taking to date of payment, with their varied reasoning and varied conclusions based on different procedural situations. Complete and comprehensive annotations setting forth the bulk of the case law will be found at 96 A.L.R. 150; 111 A.L.R. 1304; 36 A.L.R.2d 413. Some text and commentary authorities are 29 C.J.S., Eminent Domain, § 176, p. 1053 et seq.; 18 Am. Jur., Eminent Domain, sec. 272, p. 912, et seq.; Lewis on Eminent Domain, 3rd ed., vol. 2, sec. 742, p. 1319, et seq.; Nichols on Eminent Domain, 3rd ed., vol. 3, sec. 8.63, p. 104; Orgel on Valuation Under Eminent Domain, 2nd ed., vol. 1, sec. 5, p. 19, et seq.; Jahr on Eminent Domain, Valuation and Procedure, sec. 176, p. 290, et seq. Interest as so allowed by the weight of authority is not interest eo nomine, that is, interest as such and in the commonly accepted sense, but a substitute or means of measuring the value of the deprivation of the use of the property, and because it is a part and element of the just compensation required by constitutional provisions, which are self-enforcing, entirely independent of statute; for when no other method is at hand to determine the landowner's loss for the interim period, its allowance as an element of the just compensation is held necessary to preserve the constitutionality of statutory procedures which do not of themselves provide a way for compensating the owner for the period he is kept out of owner's possession without full payment. State v. Stabb, 226 Ind. 319, 79 N.E.2d 392; State ex rel. Steubenville Ice Co. v. Merrell, 127 Ohio St. 453, 189 N.E. 116; Simms v. Dillon,

119 W.Va. 284, 193 S.E. 331, 113 A.L.R. 787; Van Wagoner v. Morrison, 279 Mich. 285, 271 N.W. 760; See Jacobs v. United States, 290 U.S. 13, 54 S.Ct. 26, 78 L.Ed. 142; Seaboard Air Line R. Co. v. United States, 261 U.S. 299, 43 S.Ct. 354, 67 L.Ed. 664; United States v. Certain Land in City of St. Louis, D.C.E.D.Mo., 41 F.Supp. 809. Some law writers say it is compensation for "delay in payment." Others say that interest as a part of the just compensation and interest as and for delay in payment are one and the same thing. 36 A.L.R.2d sec. 46(b), p. 418; Great Lakes Pipe Line Co. v. Carson, 168 Kan. 100, 211 P.2d 70, and cases cited; Mengell's Ex'rs v. Mohnsville Water Co., 224 Pa. 120, 73 A. 201; but see Jahr on Eminent Domain, Valuation and Procedure, sec. 176, p. 292. Some cases where interest on the increase was allowed under somewhat similar or analogous statutory procedures are: Housing Authority of City of Dallas v. Shambry, Tex.Civ.App., 252 S.W. 2d 963; Wilkerson v. Grand River Dam Authority, 195 Okl. 678, 161 P.2d 745; Beal v. Iowa State Highway Commission, 209 Iowa 1308, 230 N.W. 302; Calkins v. Salina Northern R. Co., 102 Kan. 835, 172 P. 20; Central Georgia Power Co. v. Stone, 142 Ga. 662, 83 S.E. 524; Grimm v. Elkhorn Valley Drainage Dist., 98 Neb. 260, 152 N.W. 374; Houston Independent School Dist. v. Reader, Tex.Civ.App., 38 S.W.2d 610; State ex rel. McNutt v. Orcutt, 211 Ind. 523, 199 N.E. 595.

█ While the case authority in Missouri is scant, such as exists puts this state with the majority view—the landowner is entitled to interest on the delayed compensation. St. Louis, O. H. & C. Ry. Co. v. Fowler, 113 Mo. 458, 20 S.W. 1069; Miller v. St. Louis & K. C. Ry. Co., 162 Mo. 424, 63 S.W. 85, 89; Webster v. Kansas City & S. Ry. Co., 116 Mo. 114, 22 S.W. 474; Missouri Pac. R. Co. v. Roberts, 187 Mo. 309, 86 S.W. 91. In the Fowler case above it was said, 20 S.W. loc. cit. 1073, "As the landowner may withdraw and use the money paid to the clerk for him, it follows that the company should not thereafter be required to pay interest on the

amount thus paid into court, *but it should pay interest on the excess, if any, found by the jury.*" (Emphasis ours.) But it would seem that the reverse of the situation (where the verdict of the jury is less than the award) does not hold. St. Louis, K. & N. W. R. Co. v. Knapp, Stout & Co. Company, 160 Mo. 396, 61 S.W. 300, 305.

The next question argued is, could or should the court rather than the jury calculate the "interest," add it to the amount of the verdict and render judgment for the full amount of the just compensation? Our conclusion is that this is proper. It would now seem that, where the amount is no longer in dispute and the finding of interest involves a mere mathematical computation, there is no logical reason why the court should not make the calculation. Doerflinger Realty Co. v. Fields, Mo.App., 281 S.W.2d 609; Scheufler v. Lamb, Mo. Sup., 169 S.W.2d 913. Moreover, we are not here concerned with interest eo nomine, but as an element of just compensation required by the constitution. The sole function of the jury under the instructions given was to find the amount of damage (compensation) to which the owner was entitled at the time the land was taken. All other matters of adjustment of award between the owner and the condemnor were for the court. St. Louis, I. M. & S. R. Co. v. Pfau, 212 Mo. 398, 111 S.W. 10, 12, and cases cited. The case of Missouri Pac. R. Co. v. Roberts, 187 Mo. 309, 86 S.W. 91, loc. cit. 93, long ago put this to rest when it said, "The only proper matter for the jury to consider or include in their verdict is the amount of damages the defendant is entitled to by reason of the condemnation of the land. All other questions as to the allowance of interest, the adjustment between the plaintiff and defendant of the difference between the verdict, and the amount deposited by the defendant and received by the plaintiff, are matters for the court, to be settled thereafter." As a matter of fact, it would be impossible for the jury to compute the interest, because it is reversible error to inform them of the amount of the award. State ex rel. State Highway Commission v. Artz, Mo.App.,

45 S.W.2d 81, and cases cited. And it has been said that to instruct the jury to allow interest on the excess of value found by them over the award is error because it presupposes or suggests that the amount of damage is to be increased. See 96 A.L.R. at page 150 et seq. Having held that it is an element of a constitutional requirement, if neither the jury *nor* the court can fix the interest, the result would condemn our procedural methods as unconstitutional because their mechanical application excludes such element.

The next question is presented by the argument that the owners did not plead nor ask the court for allowance of such interest. Condemnation proceedings are sui generis and the civil code does not apply to them except in so far as the legislature specifically makes it applicable. State ex rel. Fugatt v. Hawkins, 241 Mo.App. 640, 264 S.W.2d 387. The landowner is not required to make any specified pleading in order to recover full damages for the appropriation of his land. Caruthersville School Dist. No. 18 of Pemiscot County v. Latshaw, 360 Mo. 1211, 233 S.W.2d 6, 11. And his right to a jury determination of this question may be asked for in an entirely informal manner, and if so asked for must be allowed. Chicago, S. F. & C. Ry. Co. v. McGrew, 113 Mo. 390, 21 S.W. 201; Kansas City, Ft. Scott & S. E. Ry. Co. v. Cox, 41 Mo.App. 499.

However, a person may waive a right by failing to give notice (even though orally and informally) of his desire to assert it. Bratschi v. Loesch, 330 Mo. 697, 51 S.W.2d 69, and cases cited at loc. cit. 71; see McGrew and Cox cases last above cited. And the general rule is that appellate courts will not convict a trial court of error on matters not called to its attention. Calhoon v. Brotherhood's Relief & Compensation Fund, 234 Mo.App. 946, 135 S.W.2d 1096, 1104; Clancy v. Reid-Ward Motor Co., 237 Mo.App. 1000, 170 S.W.2d 161, 164; Pierce v. New York Cent. R. Co., Mo.Sup., 257 S.W.2d 84, 88. "If a party is to be in a position to complain of some action of the court, he must

not only make known to the court the action which he desires it to take or his objection to the action which it takes against him, but at the conclusion of the trial he must once again call all such matters to the court's attention in his motion for new trial as a condition to his right of appellate review." Harrison v. St. Louis Public Service Co., Mo.App., 251 S.W.2d 348, loc. cit. 353.

 While the allowance of interest is the convenient and most commonly used method of determining the value of the use of which the owner has been deprived, it is not the *only* method of so doing. (See A.L.R. annotations heretofore cited.) The owners should have informed the court of their desire to have their damages measured by such method. Furthermore, it has not been the common practice of our state courts to allow interest. We think the trial court could not be convicted of error for failing to compute interest when his attention (formally or informally) was not called to the matter. As a matter of fact, we do not understand that the appellants assign as error the failure of the court to compute and allow interest in the judgment of September 16, 1954, immediately following the verdict, but its refusal to amend the judgment nunc pro tunc so as to include the interest. And this brings us to the second assignment.

On November 30, 1954, appellants filed their motion to modify the judgment for irregularity patent on the face of the record and for entry of judgment nunc pro tunc. This motion recited the history of the proceedings, including the instruction given for guidance of the jury, which directed them to assess just compensation by the difference in the market value of the land before and after the appropriation. It also recited an amendment to the original petition in condemnation, which amendment was made after the report of the commissioners was filed, and which amendment limited to some extent the use by the condemnor of the easement taken. The recital set forth an instruction based on such amendment which limited the use by the

condemnor and left partial use in the owners. The motion then recited the return of the verdict and the entry of the judgment, which did *not* allow interest on the deficiency of $12,400, representing the difference between the commissioners' award and the jury finding. It was charged that the judgment was partially prepared by the clerk under the supervision of condemnor's counsel and was not submitted to the appellants; that while neither party had filed motion for new trial the failure to compute and allow interest was an irregularity patent on the face of the record, was contrary to the law and not the judgment of the court. The entry on the judge's docket in reference to trial and verdict recited, "Twelve-man jury verdict awarded defendants $16,000.00. In accordance with the jury's verdict, judgment for defendants against plaintiff in the sum of $16,000.00." The motion prayed the court to enter judgment nunc pro tunc as of September 16, 1954, in conformity to a suggested judgment which would incorporate the amendment of description and also add interest at the rate of six per cent on the increase over the award. The contention made under the assignment is that the court had authority to amend the judgment nunc pro tunc by including such interest at any time within three years because the omission of such interest is an error patent on the face of the record.

 Section 511.250 RSMo 1949, V.A.M.S., provides that judgments in any court of record shall not be set aside for irregularity, on motion, unless such motion be made within three years after such judgment is rendered. A court may within thirty days after rendition of the judgment, on motion or by its own motion, amend it. State ex rel. Templeton v. Seehorn, Mo.App., 208 S.W.2d 789, and authority cited at loc. cit. 792; Hynes v. Risch, Mo. App., 243 S.W.2d 116, 117; see Mid-States Equipment Corp. v. Hobart Welders Sales & Service, Mo.App., 233 S.W.2d 757(2). After that time has passed, a court is without power or authority to amend its judgment nunc pro tunc except to make the record of such judgment bespeak *the judg-*

*ment actually rendered.* Thus the remedy is available to correct clerical error or misprision in making the entry, so as to make of record and apparent that which was really done but which was not entered in the record. Campbell v. Spotts, 331 Mo. 974, 55 S.W.2d 986; City of St. Louis v. Essex Inv. Co., 356 Mo. 1028, 204 S.W.2d 726; Thompson v. Baer, Mo.App., 139 S.W.2d 1080. However, the amendment nunc pro tunc may not be made to supply a judicial omission, oversight or error, or to show and set forth what the court might or should have done, as distinguished from what it actually did. Cross v. Greenaway, 347 Mo. 1103, 152 S.W.2d 43; Spivack v. Spivack, Mo.App., 283 S.W.2d 137, and cases cited at loc. cit. 140; Rolla Special Road Dist. of Phelps County v. Phelps County, 342 Mo. 459, 116 S.W.2d 61. In Freeman on Judgments, 5th ed., it is said at sec. 141, p. 273:

"A court's mistake in leaving out of its decision something which it ought to have put in, and something in issue of which it intended but failed to dispose, is a judicial error, not a mere clerical misprision, and cannot be corrected by adding to the entered judgment the omitted matter on the theory of making the entry conform to the actual judgment rendered."

We find nothing in this record which supports, shows or points to a judgment actually rendered by the court for interest on the difference of $12,400. We do not find the word "interest" or damages for "delay in payment," or any similar expression. True, we can gather from the amount of the commissioners' award and the jury verdict, as applied against the date of taking, that the court quite properly *could* have entered judgment for the amount of the interest, and had his attention been called to it *should* have entered such judgment. It seems more probable to us that the failure to enter judgment for interest was either judicial error or simply an oversight, neither of which is the subject of correction by judgment nunc pro tunc. As stated, it has not been the general practice in Missouri courts for the condemnee to ask for, nor for the court to allow, interest on the deficiency found by the jury. In this instance it is quite likely that the subject never entered the thoughts of the trial court or the litigants. The failure to add interest was not an error in calculation, it was a failure to *make* the calculation and addition; and so it would seem that the judgment entry so written and now sought to be amended was not only the judgment actually entered but was also the judgment which the court intended to enter. Such being the case, it is not susceptible of amendment nunc pro tunc and the court was not in error for refusing to make the amendment. For this reason we believe the judgment must be affirmed, and it so ordered.

McDOWELL, P. J., and STONE, J., concur.