IN RE APPROPRIATION OF EASEMENT FOR HIGHWAY PURPOSES
OVER PROPERTY OF MOORE'S LIME COMPANY.*

(No. 562—Decided March 17, 1960.)

*Messrs. Cole & Cole*, for appellee Moore's Lime Company.

*Mr. Mark McElroy*, attorney general, and *Mr. U. Timothy Juergens*, for appellant Director of Highways.

KERNS, J. This is an appeal on questions of law from a judgment of the Common Pleas Court of Clark County, Ohio, entered on a motion for interest on the amount of a judgment rendered in favor of the appellee in an appropriation proceeding.

The verdict of the jury in the appropriation case, in the total amount of $165,000, was returned on May 3, 1957. The amount of $643.56 was added thereto by agreement of the parties as interest on the award from the date of the taking until the date of the verdict, and judgment for $165,643.56 was rendered accordingly on June 25, 1957. By supplemental entry dated June 25, 1957, the trial court further ordered:

"* * * that the state of Ohio shall deposit with the clerk of this court, in addition to such principal sum of $165,643.56, interest at such rate of 6% per annum from and after May 3, 1957, and until such time as such award is paid into court and order of distribution made by the court."

A motion for a new trial filed by the appellant on July 1,

---

*Motion to certify the record overruled, October 5, 1960.

1957, was overruled on August 14, 1957. On August 26, 1957, without notice to the appellee, the appellant deposited the sum of $165,643.56 with the Clerk of the Court of Common Pleas. On August 30, 1957, the appellant filed a notice of appeal from the judgment overruling the motion for a new trial. This judgment was affirmed by the Court of Appeals on April 2, 1958, and a motion to certify the record to the Supreme Court was overruled on October 8, 1958.

Thereafter, upon motion of the appellee, the trial court rendered judgment in favor of the appellee for the amount of $14,217.75, representing interest on the award from May 3, 1957 (the date of the jury verdict), until October 8, 1958 (the date the motion to certify the record was overruled). From that judgment, an appeal has been perfected to this court.

The only error assigned by the appellant is that "the Court of Common Pleas in and for Clark County, Ohio, erred in its decision of December 30, 1958, in holding that the appellee herein, Moore's Lime Company, land owner, is entitled to interest on the award of the jury in said case at the rate of six (6) per cent per annum from May 3, 1957, until October 8, 1958."

Whether interest is recoverable upon the amount of the award of the jury in an appropriation case has been considered and decided by the Supreme Court of Ohio in the case of *State, ex rel. The Steubenville Ice Co.,* v. *Merrell, Dir. of Highways,* 127 Ohio St., 453, where the syllabus reads as follows:

"Under Article I, Section 19, of the Constitution of Ohio, when private property has been taken by the state for public use, and the owner has been dispossessed, interest upon the amount of a subsequent award or judgment is recoverable as a part of the compensation."

.In the *Steubenville Ice Co. case,* the following language was quoted from the opinion in the case of *Atlantic & Great Western Ry. Co.* v. *Koblentz,* 21 Ohio St., 334:

" '* * * Where private property is taken by the public for its use, the Constitution guarantees to the owner a full compensation. To take the property, and deposit the compensation in the hands of a public officer, where the owner cannot reach it, is to deprive the owner of the use of his property, without giving him the use of the compensation. It is, to take from him the *use*

of his property without *any* compensation. In the light of this constitutional provision, the real parties to the transaction are the public on the one hand, and the owner of the property on the other. By its laws the public has authorized the corporation, as its agent, to take the property, and has provided that the compensation shall be withheld, in the hands of one of its own officers, after the property is taken. This, of course, necessitates a loss to some one, of the interest on that compensation. It is not just that the loss should be cast upon the owner. The law by which the loss is occasioned is no act of his, but an act of the public, and he has no power to repeal or modify it, so as to avoid the loss. He is compelled to be passive, and can only insist, as he does in this case, that compensation for his property taken by the public, shall either be paid at the time it is taken, or paid with interest, or with a fair allowance for the use of the property during the time it is withheld.' "

The same reasoning appears applicable to the facts of the instant case. The trial court found "that all the delays from the time the jury returned the verdict and until October 8, 1958, were caused by the state of Ohio * * *." There is nothing in the record to indicate anything to the contrary. It is clear that a complete tender of the amount due the appellee would have satisfied the judgment and tolled the accumulation of interest. In other words, the landowner cannot arbitrarily refuse payment and thus compel the state to pay interest indefinitely. But such is not the case here. The appellee herein was subject to a judgment in which the court retained continuing jurisdiction over the matter of interest until an order of distribution was made. The appellee received no notice, and apparently had no knowledge, of the deposit made by the appellant with the Clerk of the Common Pleas Court on August 26, 1957. And although entitled to the amount of the award at any time after verdict and judgment, the appellee was under no obligation to take affirmative action to insure or to expedite payment. Furthermore, the appellant, having perfected an appeal from the judgment of the trial court on August 30, 1957, cannot now argue logically that the judgment was satisfied on August 26, 1957. If the judgment were satisfied, there would have been no basis for an appeal. The cause would have become moot. *In re Ap-*

*propriation for Highway Purposes*, 169 Ohio St., 314. After verdict and judgment, two paths were open to the state. It could pay or appeal. It could not do both. The latter course necessarily involved delay and expense which is chargeable to someone. And as heretofore indicated, "it is not just that the loss should be cast upon the owner" who was compelled to be passive. As we view the record, the appellee was deprived of the use of his property without compensation until the case was finally decided on its merits by the overruling of the motion to certify record by the Supreme Court of Ohio.

The judgment will, therefore, be affirmed.

*Judgment affirmed.*

WISEMAN, P. J., and CRAWFORD, J., concur.