In re Appropriation of Easement for Highway Purposes:
Director of Highways, Appellant, *v.* The
Virginia Supply Co., Inc., Appellee.*

(No. 701—Decided May 13, 1960.)

*Mr. Mark McElroy,* attorney general, and *Mr. John Kistler,* for appellant.

*Messrs. Bannon, Howland, McCurdy & Dever,* for appellee.

Radcliff, J.   On June 11, 1958, the appellant Director of Highways filed his resolution and finding to take certain property owned by the appellee for the purpose of improving U. S. Route No. 52 in the city of Portsmouth, Ohio.   The appellant placed the value on the property to be taken and damage to the residue at $8,033.02 and deposited that amount at the time of the filing.   On July 11, 1958, the appellee herein filed notice of intention to appeal and petition.   Negotiations continued between the Highway Department and the landowner and culminated in a settlement and agreement as to the question of value of the property and damage to the residue.   The amount agreed upon was $16,000.   An entry which formalized the agreement was journalized on September 11, 1959.   This entry provided that the appellant should pay into court the sum of $7,966.98, which added to the original amount of the deposit would make a total deposit of $16,000, the amount of the settlement.   This entry prepared by the appellant contained the following language: "which shall be paid to the landowners here-

*Motion to certify the record overruled, December 14, 1960.   Appeal dismissed, 171 Ohio St., 399.

inafter named upon application to this court as their interest may appear.''

On September 29, 1959, the appellee herein filed a motion requesting the trial court to require the Highway Department to pay interest on the $16,000 from September 11, 1959, until the entire amount was paid.

On October 11th two entries were journalized. The first directed that the appellee withdraw the original deposit of $8,033.02. The second entry sustained the motion for the allowance of interest and directed the Highway Department to pay six per cent per annum from September 11, 1959, to October 14, 1959, on the $8,033.02. Further, that the Director of Highways pay interest at the rate of six per cent per annum from September 11, 1959, to the date of the issuance of a warrant for the balance of such judgment in the sum of $7,966.98.

From the allowance of the interest as set forth in the preceding paragraph the Director of Highways perfected this appeal and assigned the following error:

The court erred in sustaining the motion of the property owners.

There should be but one problem and that, does a judgment by agreement in an eminent domain proceeding between the state of Ohio and a property owner whose land is being taken for highway improvement stand in the same position as does the judgment entered pursuant to the verdict of a jury assessing the value? The appellant apparently feels that the judgment reached pursuant to an agreement and the judgment resulting from a jury verdict are to be treated the same, but attacks the allowance of the interest on the same grounds that the state of Ohio interposed in the case of *State, ex rel. Steubenville Ice Co., v. Merrell, Dir. of Highways*, 127 Ohio St., 453. The only departure in his contention and brief from the argument advanced in the *Steubenville case* is that in the case before us the Attorney General now relies upon Section 1309.03 of the Revised Code, while the Attorney General in the 1934 case relied upon Section 8305 of the General Code. The sections are identical. The Attorney General in this appeal relies upon Sections 5519.01 to 5519.05 of the Revised Code, while the Attorney General in the *Steubenville Ice case* relied upon Sections 1178-

nt.

37 to 1178-41 of the General Code. These sections are substantially identical. The Attorney General apparently feels that since the decision in the case of *City of Cincinnati* v. *Smallwood*, 106 Ohio App., 496, there is now precedent to depart from the doctrine laid down in the *Steubenville Ice Co. case*. We feel that there is no validity in this argument. In *City of Cincinnati* v. *Smallwood* we have a municipality involved in eminent domain proceedings. Municipalities are governed entirely by Chapter 719 of the Revised Code. The basis of the decision in the *Smallwood case* is the unique provision contained in Section 719.21 of the Revised Code requiring a city to take possession of the property within six months after the compensation is fixed or its right to make such an appropriation on the terms of the assessment so made shall cease. Sections 5519.01 to 5519.05, Revised Code, which control the state of Ohio in its exercise of eminent domain, contain no such provision. That case therefore is distinguishable from our present problem on both law and fact.

The appellant herein contends that to permit interest upon the judgment would be adding to the compensation and damages above and beyond the agreement. We do not agree with this, for the same reason that the Supreme Court of Ohio failed to agree with the argument when it was advanced in the *Steubenville Ice Co. case*, namely, that the interest is allowed solely to compensate the landowner for the delay in getting his money.

We conclude that the trial court did not err in sustaining the motion of the appellee herein. We wish to cite the following additional authorities: 36 A. L. R. (2d), 417 *et seq.*, and 3 Nichols on Eminent Domain (3rd Ed.), 104 *et seq.*, Section 8.63 *et seq.*

The judgment appealed from must be, and hereby is, affirmed.

*Judgment affirmed.*

GILLEN, P. J., and COLLIER, J., concur.