### CENTRAL GEORGIA POWER COMPANY *v.* STONE.

HILL, J. 1. On the trial of an appeal from the award of assessors in the condemnation of land for a public purpose, the question to be determined is the market value taken and the consequential injury to the rest of the land which is not taken. Accordingly, a witness should not be allowed to testify to his opinion as to what was the value of the land taken to the rest of the land. It is the market value of the land and the consequential damage to the rest of the land to which the testimony should be directed. Nevertheless, in view of the entire evidence of the witness, of which this was only a part, and in view of the charge of the court on this subject, the irregularity of allowing the statement of the value of the land to the rest of the land, in lieu of showing the consequential damage arising to the rest of the land from taking or damaging the particular land, will not require a new trial.

2. The award of the assessors was made on September 9, 1909, finding the sum of $1,900 in favor of the condemnee. The condemnor entered an appeal to the superior court. On October 18, 1910, pending the appeal (under the Civil Code, §§ 5229, 5230), the condemnor paid the amount of the award and took possession of the property condemned. On August 20, 1913, a verdict was rendered in the superior court in favor of the condemnee for the sum of $2,692.50, being $792.50 in excess of the amount paid under the award. The presiding judge held that the entire amount found by the jury should bear interest from the date of the award to the date of the payment, and should be credited with the amount of the payment as of the date when it was made, and that the balance should bear interest. *Held,* that this was error. The interest on the difference between the amount tendered and the amount found by the jury bore interest from the date of the tender, and not from the date of the award. But this will not necessitate the grant of a new trial or a reversal of the entire judgment. Direction is given that the judgment be so modified as to accord with the ruling here made.

3. The other assignments of error are without substantial merit. The verdict is supported by the evidence.

*Judgment affirmed, with direction. All the Justices concur, except Fish, C. J., absent.*

NOVEMBER 13, 1914.

Appeal from award of assessors. Before Judge James B. Park. Jasper superior court. December 31, 1913.

*Hatcher & Smith* and *Greene F. Johnson,* for plaintiff.

*Joseph E. Pottle* and *W. S. Florence,* for defendant.