22198. ATLANTA PLOW COMPANY *v..*BURNES.

STEPHENS, J. 1. It appearing from the petition that the defendant, which was a corporation of this State, had an office and transacted business in the county of Floyd, and that the contract sued on was made in that county, the superior court of Floyd county had jurisdiction. Civil Code (1910), § 2259.

2. A corporation which does business in the name of another corporation, whose charter has expired, may bind itself by a contract made by it in the name of the latter corporation. This is true although the other contracting party believed he was contracting with the latter corporation and did not know that this corporation's charter had expired. Yet where he did not repudiate the contract upon this ground, but accepted it as a contract made with the other contracting party, it became binding upon both parties, and was not invalid as lacking in mutuality upon the ground that one of the parties entered into the contract under a mistake as to the other party's identity.

3. In a suit by M. E. Burnes against the Atlanta Plow Company to recover for the breach of an alleged contract, by which the plaintiff was employed by the defendant as a salesman, where it appears from the allegations of the petition that the plaintiff entered into a contract with the defendant through its authorized agent H. A. Dean, who had also been an officer of Towers & Sullivan Manufacturing Company, the charter of which had expired, and that the defendant did business under the name of the latter company, that the plaintiff at the time was under the belief that he was contracting with Towers & Sullivan Manufacturing Company and did not know that the charter of the last-named company had expired, and where the plaintiff had not repudiated the contract as made with the defendant, but had given part performance of it until it was breached by the defendant, and afterwards brought suit thereon for its breach by the defendant, the petition alleges a contract between the plaintiff and the defendant, and is not subject to demurrer upon the ground that the plaintiff was not bound, and the alleged contract was on that ground lacking in mutuality.

4. It appearing from the petition that the defendant employed the plaintiff as a salesman for a period of eight months, and that under the terms of the contract the plaintiff was to act as a salesman for the defendant and "was to give his time and energies during said period of time to the defendant," the contract was not subject to the objection on demurrer that it was void for lack of mutuality.

5. Profits inhering in a contract which has been breached before its performance may be recovered where they are capable of definite ascertainment. *Pacific Mutual Life Ins. Co.* v. *Caraker*, 31 *Ga.* App. 707 (121 S. E. 876). In a suit where the plaintiff alleges that he was employed by the defendant as a salesman for a definite period and was discharged before the expiration of the term of the contract, that he was employed at a salary of $150 a month and was to be paid at the end of his term a bonus of 4% upon goods shipped into his territory in excess of $60,000, an allegation showing the amount of the actual sales made by him and through his efforts during the period before he was discharged, and an allegation that he would have continued to make sales at the same rate for the remainder of the term had he not been discharged, where it appears from the allegations that the plaintiff during the term of the contract would have sold goods in excess of $60,000, sufficiently allege the plaintiff's profits inhering in the contract.

6. The suit being one to recover, as a bonus, a percentage of the amount of goods sold by the plaintiff during the term of his contract in excess of $60,000, and not being a suit to recover the purchase-price of goods sold, it was not necessary for the plaintiff to allege in detail, in an itemized statement, the gross amount of goods sold, or that would have been sold by him, during the period of his contract.

7. This being a suit to recover for the breach of a contract, in which the plaintiff alleges that he was employed as a salesman for the defendant at a salary of $150 a month for a period of eight months ending the 31st day of May, 1930, and that in addition to the salary he would receive a bonus of 4% on all sales in his territory made during the term in excess of $60,000, and the court having instructed the jury that, in finding a verdict for the plaintiff, they could find the amount due as principal and interest in a lump sum, and the jury having found for the plaintiff in the lump sum of $750, and the evidence being undisputed as to the amount due the plaintiff as salary in the event the defendant is liable therefor, the same being $150 a month for the months of February, March, April, and May, 1930, making a total of $600, and it appearing from the evidence, without dispute, that no interest could be recovered upon an amount found as a bonus from a date prior to the termination of the term on June 1, 1930, and since the sum of $63 would more than cover the interest on the aggregate amount of salary for the months named until October 12, 1931, the date of the verdict, and since, after deducting from the amount of the verdict the sum of $663, leaving $87 as an amount covering the amount due as a bonus with interest thereon from the first of June, 1930, to the date of the verdict, and this representing a principal of $79 with interest, thus leaving the amount of $679 as principal and $71 interest to the date of the verdict, and it appearing that $671 is the lowest amount which, under any view of the evidence, the jury, in finding the defendant liable in the lump sum of $750, could have found due as principal, a verdict where found for the plaintiff is, in $679 principal and $71 interest, demanded, and, had the jury found a verdict accordingly, the alleged error in the charge would have been harmless.

8. The petition set out a cause of action and the court did not err in over-

450

ruling the demurrer. The evidence authorizes the verdict found for the plaintiff, and since the plaintiff offers to amend the verdict so as to find $679 as principal and $71 as interest, the judgment is affirmed with direction that the verdict and judgment be amended accordingly.

*Judgment affirmed, with direction. Jenkins, P. J., and Sutton, J., concur.*

DECIDED FEBRUARY 11, 1933.

*Wright & Covington,* for plaintiff in error. *Barry Wright,* contra.