25651. STATE HIGHWAY BOARD *v.* WARTHEN *et al.*

DECIDED DECEMBER 4, 1936.

*S. W. Fariss, G. W. Langford, Maddox, Matthews & Owens,* for plaintiff.

*Rosser & Shaw, Wright & Covington,* for defendants.

BROYLES, C. J. The State Highway Board of Georgia instituted proceedings to condemn a strip of land belonging to the estate of

Mrs. S. A. Warthen et al., the purpose of which was to widen a street in LaFayette, Georgia, which is a part of the State highway system. Appraisers, duly appointed, fixed the value of the property taken at $750, the consequential benefits at $150, and the consequential damages at $150. The defendants filed an appeal and on the trial in the superior court, the jury rendered a verdict in favor of the defendants for $2600. Judgment was rendered for $1850, after deducting the $750 which had been paid under the award of the appraisers. The plaintiff filed a motion for new trial, and before the court passed on this motion the defendants, over objection, wrote off $50 from the judgment, "same being an amount in excess of the total amount which could have been considered by the jury as interest on the amount of damages assessed from the date of the award to the date of the return of the verdict in this cause; thus making the amount of the verdict and judgment in this cause the sum of $1800 as the difference between the amount of the verdict of the jury and the award of the assessors." The order of the judge, on the motion for new trial, provided in part that "the defendants, condemnees, . . having written off of the verdict and judgment in this cause the sum of $50 as the greatest amount which could have been returned by the jury as interest on the difference between the amount of the verdict of the jury in this cause and the award of the assessors from the date of the award of the assessors until the date of the return of the verdict in this cause, thus reducing . . the judgment entered . . to $1800, the motion for a new trial . . is overruled." The plaintiff assigned error on the court's "permitting defendants to write off the sum of fifty dollars from said verdict," and on the overruling of the motion for new trial. The motion for new trial is voluminous, and the first special ground excepts practically to the entire charge to the jury. We deem it unnecessary to discuss at length all of the alleged errors.

Complaint is made that in the charge the court used the expressions "fair market value," and "value," and failed to use the expression "cash market value." The judge did not err in using the terms "fair market value," and "value," or in failing to use the term "cash market value." He instructed the jury to determine, first, the fair market value of the land taken, including the shade-trees thereon, these being a part of the land; second, the

consequential damages, if any, to the land not taken, including any improvements thereon which were a part of the realty; and third, the consequential benefits, if any, to the land not taken, including improvements thereon which were a part of the realty. It is well settled that "an owner of property taken for public purposes is entitled to receive as compensation therefor its fair *market value.*" (Italics ours.) *City of Reynolds* v. *Carter, 34 Ga. App.* 252 (2) (129 S. E. 117); *City of Newnan* v. *Davis,* 145 *Ga.* 380 (3) (89 S. E. 336); *L. & N. R. Co.* v. *Postal Tel. Co.,* 143 *Ga.* 331 (2) (85 S. E. 110); Code, § 36-504. Furthermore, the court properly defined the term "market value" in accordance with the definition laid down in *Central Georgia Power Co.* v. *Mays,* 137 *Ga.* 120, 123 (72 S. E. 900). The court properly charged the jury that in determining the value of the land actually taken, including the shade-trees which were a part of the land, consequential damages or benefits should not be considered, these being separate elements which should be considered separately.

The fragmentary excerpts from the charge, quoted in the subdivisions of ground 1 of the motion for new trial, are not misleading when construed with the charge as a whole as it was presented to the jury. Subdivision (h) of this ground does not quote an excerpt, but attacks the charge on the subject of interest. The court charged the jury that in the event they found for the owners a sum in excess of the amount awarded by the assessors, "they are entitled to recover interest on the difference between the amount tendered and the amount of the award at seven per cent. per annum, from the date of the award of the assessors, and you should calculate this interest and add it to the amount of your award, not as interest, but as a part of your award." Movant insists that "the item of interest should be found as a separate item, and not as a part of the award; and that it should be calculated from the date of the tender of the amount awarded by the assessors, and not from the date of the award." It is true that the court erred in instructing the jury that the interest should be computed from the date of the award. The record shows that the amount of the award of the assessors was paid; and the interest on the difference between the amount of the verdict and the amount tendered should be computed "from the date of the tender, and not

from the date of the award." *Central Georgia Power Co.* v. *Stone,* 142 *Ga.* 662 (2) (83 S. E. 524). However, the error was fully cured and rendered harmless to the plaintiff by the defendants writing off all possible interest that the jury could have computed on the damages awarded in excess of the amount of the original award, from the date of that award to the date of the verdict. All has been done by the defendants in this respect that could have been done by the jury had the court charged correctly as to the date from which to compute the interest. The defendants have voluntarily done that which the Supreme Court directed be done in the *Stone* case, supra. See also *Atlanta Plow Co.* v. *Burnes,* 46 *Ga. App.* 448 (7, 8) (167 S. E. 749). The court did not err in allowing this interest to be written off. Nor was there error in the instruction that the interest should be included as a part of the jury's award. While the jury, in reaching a verdict, should have considered separately the various elements in respect to which they heard testimony and were instructed by the court, their verdict was properly rendered for one sum. "On appeal from the award of assessors in a statutory condemnation proceeding, the verdict should be for a given sum." *Darien & Western R. Co.* v. *McKay,* 132 *Ga.* 672 (2) (64 S. E. 785); *Selma, Rome & Dalton R. Co.* v. *Redwine,* 51 *Ga.* 471 (5).

Subdivision (1) of the ground 1 of the motion for new trial alleges that the charge of the court was inapplicable; and ground 2 alleges that the verdict was contrary to law and the evidence, because "there was no legal evidence before the jury as to the value of the property not taken, before the taking of the strip actually taken under the condemnation." There was evidence of the value of the property before the strip of land was taken, of the value of the property after the strip of land was taken, of the value of the strip taken, and of the consequential damages to the property not taken. In addition to this, by consent of both parties, the jury viewed the premises, which gave them ample opportunity to determine, in the light of the evidence, the condition and value of the property not taken, before and after the taking of the strip of land condemned. See *Porter* v. *Georgia Power Co.,* 46 *Ga. App.* 613, 620 (167 S. E. 903), and cit.; 20 C. J. 1013, 1014, § 406. Testimony as to the replanting of trees and moving the house back to the same relative location from the street as

existed before the condemnation, and also certain photographs of the property in question, were properly admitted as evidence for consideration by the jury in determining the consequential damages or benefits. "'All the facts as to the condition of the property and its surroundings, its improvements and capabilities, may be shown and considered in estimating its value.'" *Central Georgia Power Co.* v. *Mays,* 137 *Ga.* 123 (supra) ; *Savannah, Augusta & Northern Ry. Co.* v. *Williams,* 133 *Ga.* 679, 681 (66 S. E. 942). This ruling disposes of grounds 3, 4, and 7 of the motion for new trial. Ground 5, complaining of the rejection of certain testimony, raises no question for consideration by this court. The last ruling of the court on the admission of this testimony, was to leave out the evidence in question "for the present, and I will let you go back to it . . I will let you go back to that as soon as we get to that." "Counsel for plaintiff in error subsequently during the trial should have called the court's attention to the matter and obtained a definite and final ruling upon the admissibility of the evidence." *Clark* v. *W. & A. Railroad,* 41 *Ga. App.* 317 (2) (152 S. E. 847). Ground 6 complains of the admission of certain testimony given on cross-examination. Counsel for the movant stated that he failed to see that the testimony would have anything to do with this case. This is not a sufficient objection in law. Counsel can not complain that the evidence was inadmissible, unless he made objection when it was offered and stated the ground of such objection. *Smith* v. *Pilcher,* 130 *Ga.* 350 (4), 356 (60 S. E. 1000), and cit.

Under the Code, § 36-504, and under the charge of the court, there was and is no question as to the right of the defendants to recover. Regardless of consequential damage or benefit to the property not condemned, the defendants were entitled to recover the actual value of the property taken by the condemnors. This being true, so far as the general grounds of the motion are concerned, the only question is whether the *amount* of the verdict was authorized by the evidence. The evidence both as to the value of the strip taken, without regard to the damage or benefit to the property not taken, and also the evidence as to the consequential damage to the property not taken, was at variance; but it was ample to support the verdict in the amount rendered. The property in question was residential property. There was evidence

764

to show that the house was an old colonial, two-story house, "first class in every respect; timbers underneath solid and firm," and "modernized with hardwood floors and bath-rooms, in a modern condition;" that before the strip of land was taken the house was over thirty feet from the street, and now it is approximately eight feet therefrom; that it is now necessary to "keep the rooms dark all the time to keep the public from looking in;" that the noise from the street is so great that it is difficult to carry on a conversation in that side of the house; that the strip of land taken contained four large shade-trees which obstructed the view from the street before it was changed, and shaded the west side of the house, and now, without shade, this side of the house is so hot in the summer that the rooms can not be occupied with any degree of comfort; that the property is strictly residential property, and as such its value is greatly decreased, and it is far less desirable as a residence, because of the condemnation. The evidence as to the value of the strip taken varied from $500 to several thousand dollars, and as to the damage to the property not taken it ranged from nothing to several thousand dollars. The court did not err in overruling the motion for new trial.

*Judgment affirmed.* *MacIntyre and Guerry, JJ., concur.*