39321. CITY OF ATLANTA v. LUNSFORD.

DECIDED JANUARY 29, 1962.

*J. C. Savage, Martin McFarland,* for plaintiff in error.

*Poole, Pearce & Hall, William F. Lozier,* contra.

EBERHARDT, Judge. 1. No mention of interest is made in *Code* § 36-603, which is the section applicable here. It simply provides that, in the event the final judgment fixing the amount to be paid for the land taken is less than the amount of the award of the assessors, the condemnee shall be bound to refund any excess paid to or received by him.

"The law allows interest only because of a contract, express or implied, for its payment, or as damages for the detention of money, or for breach of some contract, or the violation of some duty. It is very generally stated that interest, being of purely statutory origin and not the creature of the common law, should not be awarded except in such cases as fall within the terms of the statute, unless it has been contracted for either expressly or impliedly. In other words there is no absolute right, independent of contract, express or implied, or of statute, to interest." *Best v. Maddox,* 185 Ga. 78, 82 (194 SE 578). Accord, *Irons v. Harrison,* 185 Ga. 244 (8) (194 SE 749); *Gormley v. Eison,* 189 Ga. 259 (5 SE2d 643). This principle has been applied specifically to a condemnation proceeding such as we here deal with. St. Louis &c. R .Co. v. Knapp, Stout & Co., 160 Mo. 396 (61 SW 300).

Certainly there is no express contract on the part of the condemnee to pay interest on any amount, nor do we find any basis for holding that there is any implied contract on his part to do so. The amount of the assessors' award is required to be paid by the condemnor, and it is made available to the condemnee from the time of such payment under the provisions of Art. I, Sec. III, Par. I of the Constitution of 1945 (*Code Ann.* § 2-301), which provides that just compensation must be "first paid." *State Highway Dept. v. Hendrix,* 215 Ga. 821 (113 SE2d 761). The condemnation proceeding is, as to the condemnee, in-

voluntary. If the amount of the award were not made available to the condemnee before the taking of his land, it would result in his being deprived of the use of his land and of the money which the assessors have determined to represent just compensation therefor until a final judgment could be obtained. Often there is considerable delay between the time of the assessors' award and the trial before a jury. At the time the condemnee takes his money down, it is only natural that he has hope that the amount of the jury verdict will be equal to or in excess of the amount of the assessors' award. Neither the condemnor, the condemnee, nor the court can know what the result may be, and thus none can know until final judgment the amount that must finally be paid and accepted as just compensation. The condemnee is not and cannot be bound to refund any amount until final judgment. Thus it would strain credulity to say that there is any contractual obligation on his part to pay any amount until that time. Interest does not begin to run on an obligation until it is due and payable, in the absence of some contractual or statutory provision to the contrary. Approval of the contention of the city that interest should run on the excess from the time of payment of the award into the registry of the court, or even from the time of the withdrawal thereof by condemnee, would amount to holding that the city was authorized to require the condemnee to accept an involuntary loan, the amount of which was indefinite and not determinable until some future date when a final judgment might be obtained, and at "lawful interest," or seven per cent per annum, a rate over which the condemnee could have no control. "[I]nterest eo nomine can only be recovered from the date when the amount of the claim has been liquidated and determined." *Insurance Co. of N. A. v. Folds,* 42 Ga. App. 306 (4) (155 SE 782). And see 29 C.J.S. 1386, § 333.

It is urged that, since the General Assembly has provided for the payment of interest by the condemnee on such excess amount in the Special Master proceedings (Ga. L. 1957, pp. 387, 396; *Code Ann.* § 36-615a), a public policy has been adopted which we should apply uniformly both there and in the "three assessor" type of proceedings. We do not agree. Each type of

proceeding is statutory, and each must be had, governed, and determined by the terms of its respective statute. Further, the provision for payment of interest by the condemnee on the excess or the difference between the amount of the special master's award and the amount of the final judgment has not yet been tested as to its constitutionality. There is room, we think, for grave doubt that the provision will stand a constitutional test.

Counsel for the city urge that, since it has been held, in *State Highway Board v. Warthen*, 54 Ga. App. 759 (189 SE 76), *Gate City Terminal Co. v. Thrower*, 136 Ga. 456, 465 (71 SE 903), and *Central Ga. Power Co. v. Stone*, 142 Ga. 662 (2) (83 SE 524), that when the amount of the award has been increased by the final judgment the condemnee is entitled to interest on the amount of the increase from the time of the taking of the property, it would be unfair to hold that the city is not likewise entitled to interest on the excess when the amount of the award has been decreased. Again we do not agree. The interest to which the condemnee is entitled flows from the constitutional guaranty of just compensation to the condemnee for his property. Seaboard A.L.R. Co. v. United States, 261 US 299 (43 SC 354, 67 LE 664); Brooks-Scanlon Corp. v. United States, 265 US 106 (44 SC 471, 68 LE 934); Reed v. Chicago &c. R. Co., 25 F 886.

Of course when the final judgment is obtained and the amount that condemnor is required to pay as just compensation is thus finally determined, if there is excess between the amount of the judgment and the assessors' award, both the amount thereof and the obligation to refund by the condemnee has become fixed. Thus it is proper for the court to provide, in this judgment as in other judgments, for the payment of interest thereon from the date of the judgment, and at the lawful rate of seven per cent per annum. *Code* §§ 110-304 and 57-108.

*Judgment affirmed. Carlisle, P. J., and Custer, J., concur.*