22020.   FIRST NATIONAL BANK OF ATLANTA, Executor
v. STATE HIGHWAY DEPARTMENT.

Argued May 13, 1963—Decided May 29, 1963—
Rehearing denied July 3, 1963.

146

*Shirley C. Boykin, Hansell, Post, Brandon & Dorsey,* for plaintiff in error.

*Eugene Cook, Attorney General, Carter Goode, E. J. Summerour, Assistant Attorneys General, William J. Wiggins,* contra.

HEAD, Presiding Justice.  The response of the condemnee to the rule nisi (issued on October 22, 1962, pertaining to the validity of the provision for the payment of interest by the condemnee in the judgment of October 11, 1962) was filed on December 4, 1962. In his final judgment reinstating the requirement for the payment of interest by the condemnee the judge of the superior court recited that such judgment was rendered "after the consideration of all pleadings and all issues raised therein." This recital by the court could only mean that the subsequent reinstatement of the interest as provided in the judgment of October 11, 1962, was a ruling by the court adverse to the contentions of the condemnee that the interest provision of the 1957 Act (Ga. L. 1957, pp. 387, 396, § 15, *Code Ann.* § 36-615a) was unconstitutional and void. Any contention by the condemnor that the trial court did not so rule would be in direct conflict with the recitals of the court's final judgment.

A constitutional attack upon a statute must show how and wherein the statute offends the Constitution in order to invoke

any ruling upon its validity. *Emerson v. Southwest Ga. Regional Housing Authority,* 196 Ga. 675 (27 SE2d 334) ; *Heard v. Pittard,* 210 Ga. 549, 552 (81 SE2d 799). Our statement of facts does not set forth all of the condemnee's contentions as to the invalidity of the interest provision of the 1957 Act, but we have set forth sufficient allegations to demonstrate compliance by the condemnee with the requirements of the rule that constitutional attacks upon a statute must be specific. Because there are constitutional questions for decision, this court has jurisdiction of the writ of error and the Court of Appeals properly transferred it to this court.

The decision of this court in *O. K., Inc. v. State Hwy. Dept.,* 213 Ga. 666 (100 SE2d 906), is not authority to sustain the provision for the payment of interest by the condemnee under Section 15 of the Act of 1957 (Ga. L. 1957, pp. 387, 396, *Code Ann. Supp.* § 36-615a), which provides: "if the verdict of the jury be less than the award of the special master, the owner shall be bound to refund any excess paid to or received by him and a judgment for such excess shall be rendered against him, *plus lawful interest thereon from the date of such payment,* to be collected by levy as in other cases." (Italics ours). The constitutional attack in *O. K., Inc. v. State Hwy. Dept.,* supra, was on the act as a whole, and since parts of the act are clearly constitutional, that attack was not upheld. This court has not heretofore ruled upon the validity of that provision of the 1957 Act for the payment of interest by the condemnee.

‸ "All liquidated demands, where by agreement or otherwise the sum to be paid is fixed or certain, bear interest from the time the party shall become liable and bound to pay them; . . ." *Code* § 57-110. A liquidated demand is "an amount *certain* and *fixed,* either by the act and agreement of the parties or by operation of law; *a sum which cannot be changed by the proof;* . . ." (Italics ours.) *Nisbet v. Lawson,* 1 Ga. 275, 287; *Hargroves v. Cooke,* 15 Ga. 321 (12) ; *Bartee v. Andrews,* 18 Ga. 407; *Roberts v. Prior,* 20 Ga. 561; *Lincoln Lumber Co. v. Keeter,* 167 Ga. 231, 236 (145 SE 68) ; *Firemen's Ins. Co. v. Oliver,* 182 Ga. 212 (184 SE 858).

In the present case the jury on appeal was required to find the value of the condemnee's property at the time of the taking.

*Young v. Harrison,* 17 Ga. 30 (1); *Selma, Rome &c. R. Co. v. Keith,* 53 Ga. 178; *Anthony v. State Hwy. Dept.,* 215 Ga. 853, 856 (2) (113 SE2d 768). The amount of the jury's verdict was to be based upon proof as to value, and under the general law of this State the claim of the Highway Department for refund was unliquidated until fixed by the jury. To hold that the condemnee was subject to the payment of interest prior to the verdict of the jury would deny the condemnee equal protection of the law (Constitution, Art. I, Sec. I, Par. II; *Code Ann.* § 2-102), since under the general law of this State interest could not be collected until after the jury's verdict. Equal protection of the law is denied where laws are applied differently to different persons under the same circumstances. *Ashley v. City of Greensboro,* 206 Ga. 800, 806 (58 SE2d 815).

The condemnee in the present case was denied "due process of law." Constitution, Art. I, Sec. I, Par. III (*Code Ann.* § 2-103). A citizen is denied due process where the procedure applicable to all cases of a similar kind is varied and not followed in his case. *Hicks v. State,* 196 Ga. 671 (27 SE2d 307); *Williams v. State,* 206 Ga. 837 (59 SE2d 384).

In addition to the denial of equal protection of the law and due process of law, under the general law of this State as to when interest is due and collectible, the condemnee was denied equal protection and due process in that none of the several procedures (*Code Ann. Chs.* 36-3, 36-11, and 36-13) for the condemnation of property authorize interest on refunds due the Highway Department prior to the time the amount of such refund is fixed by the verdict of the jury. The Court of Appeals has correctly held that interest is not collectible on refunds prior to the verdict of the jury under *Code* § 36-603. *City of Atlanta v. Lunsford,* 105 Ga. App. 247 (124 SE2d 493); *Fletcher v. State Hwy. Dept.,* 105 Ga. App. 251 (124 SE2d 755).

The provision of the 1957 Act (Ga. L. 1957, pp. 387, 396; *Code Ann.* § 36-615a) for interest from the date of payment on the excess paid to or received by the condemnee, where the award of the jury is less than the award of the special master, is unconstitutional and void. The judgment of October 11, 1962, reinstated on January 4, 1963, in so far as it provides for the payment

of interest by the condemnee pursuant to such unconstitutional provision, is therefore void.

It has been the rule in this State for more than fifty years that the jury on appeal in fixing the value of the condemnee's property should include interest on the excess from the date of the taking where the verdict of the jury is in a larger amount than the prior award. *Gate City Terminal Co. v. Thrower*, 136 Ga. 456 (71 SE 903).

*Judgment reversed. All the Justices concur.*