43934. STATE HIGHWAY DEPARTMENT v. ROGERS.

Submitted September 10, 1968—Decided November 8; 1968.

*Arthur K. Bolton, Attorney General, Richard L. Chambers, Marshall R. Sims, Assistant Attorneys General, Lipshutz, Macey, Zusmann & Sikes, John M. Sikes, Jr., Deputy Assistant Attorney General, John R. McCannon,* for appellant.

*Hutcheson, Kilpatrick, Watson, Crumbley & Brown, John L. Watson, Jr.,* for appellee.

PANNELL, Judge. When a proceeding is brought for condemnation pursuant to and under the provisions of the Act approved April 5, 1961, as amended by the Act approved October 8, 1962, and the Act approved March 14, 1963 (Ga. L. 1961, p. 517 et seq.; Ga. L. 1962, Sept. Sess., p. 37 et seq.; Ga. L. 1963, p. 124; *Code Ann. Ch.* 36-13), the condemnor is required (by Section 3 of the Act) to file a declaration of taking and to deposit into court, to the use of the persons entitled thereto, the amount of estimated compensation stated in said declaration, whereupon the title to the land in fee simple absolute or a lesser interest as specified shall vest in the condemnor, which constitutes the taking. Section 1 of the Act of 1962, supra, amended Section 3 of the Act of 1961, supra (*Code Ann.* § 36-1303), and provided that: "The said compensation shall be ascertained and awarded in said proceeding and established by judgment therein, and the said judgment shall include, as part of the just compensation awarded, interest at the rate of 7 per centum per annum on the amount finally awarded as the value of the property as of the date of taking, from said date to the date of payment, *but interest shall not be allowed on so much thereof as shall have been paid into the court. No sum so paid into the court shall be charged with commissions or poundage.*" (Emphasis supplied.) Section 9 of the Act as amended (*Code Ann.* § 36-1309) provides that where, pending appeal to a jury in superior court, the condemnee is dissatisfied with the amount so deposited, a special master may be appointed under the provisions of the Act approved March 13, 1957, as amended by the Act approved March 3, 1962, and the Act approved April 18, 1967 (Ga. L. 1957, p. 387 et seq.; Ga. L. 1962, p. 461 et seq.; Ga. L. 1967, p. 825; *Code Ann. Ch.* 36-6A) for an interlocutory determination of just and adequate compensation, and provides that the condemnor shall pay into court any additional amount so found.

This section further provides that the condemnee upon giving bond may draw down this additional money. As we construe the italicized portions of Section 3, the phrases "paid into court" and "so paid into court" refer solely to the payment made at the time of filing the *declaration of taking* provided for in the same section; particularly so in view of the fact that the condemnee, in order to draw down any additional sum found by the special master must file "a bond in double the amount of such payment conditioned for the repayment of any amount so received . . . which may be in excess of the amount awarded by the jury upon the trial of the appeal," and "such bond shall be executed by a surety company authorized to do business in this State." The condemnee, in order to receive his just and adequate compensation, which includes interest, should not be compelled to pay the premium on a surety bond in order to avoid loss of interest.

Where a proceeding is had under the Act of 1957, supra, as amended (*Code Ann. Ch.* 36-6A), a petition is filed in the superior court and, in order to expedite the time of taking, it is referred to a special master who makes a finding as to value and a finding that the property be condemned, which with the order of the court thereon, constitutes a taking. Under that Act, it is expressly provided that interest shall be computed from the date of the order of the special master if the amount found by the special master is less than that found by the verdict of the jury. See Section 15 of that Act (*Code Ann.* § 36-615a). The time of taking under both Acts is the beginning point from which interest begins to run, but the time of taking in one is when the declaration of taking is filed which begins the action of the condemnation, the other is the entry of judgment of taking upon the finding of the special master. Where interest is computed on an amount which the condemnee must refund to the condemnor, a different rule applies, interest being computed only from the date of the adjudication of the principal amount. See in this connection *First Nat. Bank of Atlanta v. State Hwy. Dept.,* 219 Ga. 144 (132 SE2d 263) and citations; *Code* § 57-110; *Central Ga. Power Co. v. Stone,* 142 Ga. 662 (83 SE 524); *City of Atlanta v. Lunsford,* 105 Ga. App.

247 (124 SE2d 493) ; *Fletcher v. State Hwy. Dept.*, 105 Ga. App. 251 (124 SE2d 755).

Appellant relies upon the construction placed upon a similar provision of the statutes of the State of Florida by the courts of that State. See Hillsborough County v. Bennett (Fla.), 167 S2d 800, and Dean v. State Road Dept. (Fla.), 184 S2d 517. Under the Florida procedure, the petitioning condemnor makes an estimate of value in what is referred to as "a declaration of taking" (Section 74.01 Florida Statutes Annotated). The statute does not require a deposit of this amount into court. At the first hearing, among other matters, appraisers are appointed to view and appraise the premises and report the value to the court within the time limit fixed by the order appointing (Section 74.03 Florida Statutes Annotated), and upon that date a hearing is had and testimony of value of the property is introduced by the parties (Section 74.04 Florida Statutes Annotated). The court, after the close of the testimony at this hearing, if it finds that the petitioning condemnor is entitled to possession of the property, "shall enter an order requiring the petitioner to deposit in the registry of the court such sum of money as the court shall determine will fully secure and fully compensate the persons lawfully entitled to compensation, as ultimately determined by final judgment of the court, which said deposit shall not be less than double the value as fixed by the appraisers appointed by the court; except that in the event the petitioner is acquiring right of way for the state highway system, or flood control purposes, or part of the turnpike system, or where the petitioner seeks to condemn property for school purposes or use, such petitioner shall be required to deposit such sum as the court shall determine will fully secure and fully compensate the persons lawfully entitled to compensation, which deposit shall not be less than one hundred per cent of the value as fixed by the court-appointed appraisers." Section 74.05. Section 74.06 (compared by appellant to the paragraph in Section 3 of the Georgia Act of 1961, as amended; see *Code Ann.* § 36-1303) provides: "Immediately upon the making of the deposit provided for in § 74.05, title to the said lands in fee simple absolute or such less estate or interest therein as is specified in said dec-

laration shall vest in the petitioner and said lands shall be deemed to be condemned and taken for the use of the petitioner and the right to just compensation for same shall vest in the persons entitled thereto; and said compensation shall be ascertained and awarded in said proceeding and established by judgment therein and said judgment shall include as a part of the just compensation awarded, interest at the rate of six per cent per annum on the amount finally awarded as the value of the property, from the date of the surrender of possession to the date of payment, but interest shall not be allowed on so much thereof as may have been paid into court. No sum so paid into court shall be charged with commissions or poundage." It is apparent that this provision of the Florida statute applies to the money deposited under Section 74.05 of the Florida statute, and the Florida courts correctly so held. Under the Georgia statutes, we do not have such express reference, but the provision for interest in the Georgia statute is contained within the same section of the Act which provides for a deposit into court upon the filing of the declaration of taking, and for this reason, we think the provision precluding the addition of interest on deposits "so paid into court" applies only to the deposit made at the time of taking, and to none other.

The trial court in construing the Georgia statute did not err in refusing to set aside the judgment requiring the payment of interest on all sums in excess of the original deposit from the date of taking until the date of final judgment when condemnee was entitled to the same unconditionally, or in refusing to amend the same so as to delete the interest on the additional sum paid into court upon their special master's award accruing after the date such payment was made or in refusing to amend the same to delete the interest on the excess found by the jury between the date of taking and the jury verdict.

*Judgment affirmed. Jordan, P. J., and Deen, J., concur.*