## 44913. STATE HIGHWAY DEPARTMENT v. HURT.

Jordan, Presiding Judge. It was proper to allow the jury to consider the opinion of an expert appraiser, who had knowledge and experience with respect to effecting changes in zoning restrictions, that the property being subjected to a perpetual drainage easement could be rezoned from residential to commercial use, that this would be virtually automatic if the property qualified as "commercial highway" property by reason of proximity to an arterial highway, and, assuming that rezoning could be accomplished, his opinion of the value of the property. The final instructions of the court to the jury are explicit in providing appropriate guidelines for the jury to follow in considering testimony of this nature in arriving at the value of the property being taken as of the date of taking. "It has long been the policy of the Georgia appellate courts to be liberal in allowing matters to be considered by the jury which might affect their collective mind in determining the just and adequate compensation to be paid the condemnee. . . In short, the Georgia courts have permitted almost any possibility to be submitted to the jury which might shed light on the true value of the property, subject only to the limitations that the matter must not be merely remote or speculative and its consideration

must be authorized by the evidence." *Civils v. Fulton County*, 108 Ga. App. 793, 796 (134 SE2d 453). The quoted opinion continues to the further effect that the possibility or probability of a change in zoning restrictions on use may be considered, if not remote or speculative, to the extent that the likelihood may have an appreciable influence on present market value. To the same effect, see *Klumok v. State Hwy. Dept.*, 119 Ga. App. 505 (1) (167 SE2d 722). We do not regard the opinion of the witness concerning the possibility or probability of effecting a change in zoning restrictions, in view of his stated knowledge and experience, as merely a remote or speculative possibility or probability, and this opinion, under the circumstances, is sufficient to allow the assumption that this change could be accomplished, and his further opinion of value based on the assumption. *Judgment affirmed. Eberhardt, J., concurs. Pannell, J., concurs in the judgment.*

ARGUED JANUARY 8, 1970—DECIDED FEBRUARY 13, 1970.

*Arthur K. Bolton, Attorney General, Harold N. Hill, Jr., Executive Assistant Attorney General, Richard L. Chambers, Assistant Attorney General, John H. Hicks, Deputy Assistant Attorney General, Lawton Miller, Jr.,* for appellant.

*Byrd, Groover & Buford, Denmark Groover, Jr., Hamilton Napier,* for appellee.