**ERICKSON'S INC.**

v.

**The TRAVELERS INDEMNITY CO.**

No. 2073.

United States District Court,
S. D. Georgia,
Savannah Division.

May 3, 1971.

Supplemental Memorandum and Order
July 26, 1971.

James M. Thomas, Savannah, Ga., for plaintiff.

C. James Jessee, Jr., Atlanta, Ga. and Willis J. Richardson, Jr., Savannah, Ga., for defendant.

## MEMORANDUM AND ORDER

CLARY, Senior District Judge.

This matter is now before the Court on defendant's motion for modification of the Special Master's Report. The defendant specifically objects to the Master's allowances for prejudgment interest, and his assignment of costs to the defendant.

■ On the matter of costs of court and the fee of the Special Master, it is the opinion of this Court that the Special Master was in error.

Judge Scarlett, had directed that such costs should be apportioned by the Master in accordance with his findings of fact as to Counts II, III and IV. As the plaintiff only prevailed in one of said counts, it is, therefore, not entitled, under Judge Scarlett's express directions, to be free of the aforementioned costs. The Court is, therefore, of the opinion that the costs of court and the fee of the Special Master should be shared by the parties.

■ The question of interest presents a more difficult issue. The defendant herein alleges that at all times up to the time of judgment the amount owed by them was unliquidated. They further contend that all five counts of plaintiff's complaint constituted a single claim.

It is clear that the Circuit Court in its earlier opinion on this case did not resolve the issue. See Travelers Indemnity Co. v. Erickson's Inc., 396 F.2d 134 (5th CA, 1968). The Court there concluded that the record before them was too incomplete to make such determinations.

A complete review of the history of this action, and the law of Georgia, however, leads to the conclusion that the plaintiff is legally and equitably entitled to interest.

It is uncontested that the contract had a lump sum price of $684,400.00 to which should be added $7,743.84, the value of uncontested change orders, for a total of $692,143.84. Defendant had, prior to suit, paid to plaintiff, the sum of $612,551.49, leaving a balance of $79,592.35. Defendant then tendered to plaintiff a check for $77,646.58 which stated that it was to be in full payment for all remaining debts.

Erickson was under no obligation to accept defendant's tender as they had a valid claim for the larger amount and contested claims of additional value. It

was not until almost four years later that defendant introduced any counterclaims that would offset the $79,592.35 figure, and all of these claims (totaling $536.15) were denied by the Master.

Thus, it is apparent that Erickson was put into the position of either forfeiting nearly $2,000.00 and all other claims, or lose the use of nearly $80,000 for some four years. Under these circumstances, the defendant could not fail to achieve an unreasonable advantage.

█ The law of Georgia provides for the award of prejudgment interest where the amount in question is liquidated, or of an amount certained and fixed. Ga.Code Ann. § 57–110, see also First Nat'l. Bank of Atlanta v. State Highway Dept., 219 Ga. 144, 132 S.E.2d 263 (1963).

It is clear from the record that at all times the defendant owed to plaintiff the certain and fixed amount of $79,-057.24. That amount represents the balance admittedly owed of $79,592.39 less all possible offsets alleged ($536.15). The award of interest by the Master on the $1,382.76 attributable to change order #42 was unwarranted as that separate claim, for work done on the existing building (not the new wing) was at least arguably in contention.

█ Even if this Court were to find that the amount in controversy was not "liquidated" (within the strictest interpretation of that term), the result herein would not differ. A reading of the applicable case law leads to the conclusion that Georgia courts would, under these circumstances, follow the generally accepted rule as set forth in Aetna Casualty & Surety Co. v. United States, 365 F.2d 997, 1006 (8th Cir., 1966), and

Michelsen v. Penney, 135 F.2d 409 (2nd Cir., 1943).

"Where the amount for which recovery is sought, even though not liquidated, is based upon the readily ascertainable value of services or property, the general and better considered rule is to allow interest, at least in the absence of strong equities to the contrary."

See also Fluor Corp. v. United States ex rel Mosher Steel Co., 405 F.2d 823 (9th Cir., 1969).

In the present case the "strong equities" indicate that interest should be awarded.

## SUPPLEMENTAL MEMORANDUM AND ORDER

This matter has been reopened before this Court on defendant's motion to set aside the findings of fact and conclusions of law and the judgment entered thereon, and to grant a new trial and amend the findings of fact, conclusions of law and judgment thereon. To support their motions defendant questions the Court's findings of fact and its application of both law and equity.

This Court has again reviewed the record of the case, the Special Master's findings, the briefs of counsel and their arguments forwarded in the rehearing granted as a result of these motions. As a result of this review the Court can only find the counsel for the defendant has not brought forth any new evidence or authority which would cause this Court to amend its order of April 28, 1971.[1]

The Court would, however, like to take this opportunity to further discuss its decision to split the fee of the Special Master equally.

1. ORDER

And now, to wit, this 28th day of April 1971, it is ordered, adjudged, and decreed that the Master's report be modified to provide that:

1. Court costs and the Special Master's fees be equally shared by the parties;

2. the amount of principal on which interest is due from the 11th day of December, 1966 be reduced to $79,058.24 (at the rate of 7%).

3. all other findings of the Special Master are affirmed.

On May 6, 1969 Judge Scarlett, in his order appointing the Special Master, directed that: "the compensation of the Special Master, his expenses and costs, shall be apportioned between the parties by the Special Master in accordance with his findings on the issues presented by counts Two, Three and Four of the Complaint."

It is clear that Judge Scarlett intended to place the financial burden on the party advancing the more unjust claims. To assign one-third of the costs to the loser of each count would defeat that purpose as the amounts in controversy vary considerably between each count.

Further, defendant's insistence that count Five be included (a count added after May 6, 1969) strengthens the argument that the substance and not the form of the Order be looked to. Just as count Five arose subsequent to the Order in question, so did the controversy over interest on count One. This Court cannot take seriously, therefore, defendant's argument that count Five should be considered, but not the interest controversy concerning count One.

Considering the different apportionment methods advanced by the parties, defendant's share could arguably fall anywhere from 10–70%; the 70% figure being closer to the amount the Court would be inclined to find should it be forced into the complicated calculation the continually compounding interest and the value of the multiple claims comprising each count.

Finally, it appearing, in any event, that difference to the parties, between methods would not exceed $150, it would be just to order that they be divided equally.

Defendant's assignment of error No. Six, concerning the typographical error in the previous Order avoiding 7.7% interest instead of 7.0% has been corrected by the Court and abandoned by the defendant.