**ERICKSON'S, INC., Plaintiff-Appellee,**

v.

**The TRAVELERS INDEMNITY COM-
PANY, Defendant-Appellant.**

No. 71–2899
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Jan. 25, 1972.

Rehearing Denied Feb. 24, 1972.

C. James Jessee, Jr., Jerry T. Hinson, Atlanta, Ga., Willis J. Richardson, Jr., Savannah, Ga., Shoob, McLain & Jessee, Atlanta, Ga., for appellant.

James M. Thomas, Savannah, Ga., Walter C. Hartridge, Bouhan, Williams & Levy, Savannah, Ga., for plaintiff-appellee.

Before WISDOM, COLEMAN and SIMPSON, Circuit Judges.

PER CURIAM:

We review on appeal [1] an award of damages by the lower court, D.C., 330 F.Supp. 380, based upon a Special Master's Report, to Erickson's, Inc. (Erickson's), a plumbing, heating and air conditioning subcontractor of Peacock Construction Company (Peacock) against Travelers Indemnity Company (Travelers) on a Labor and Material Payment Bond furnished by Peacock for the use, protection and payment of subcontractors and persons supplying labor and materials on a project for a governmental body. The project was the erection by

---

* ▉ Rule 18, 5 Cir.; See Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al., 5 Cir. 1970, 431 F.2d 409, Part I.

1. This Court dealt with an earlier attempted appeal by Travelers, see The Travelers Indemnity Company v. Erick-

son's, Inc., 5 Cir. 1968, 396 F.2d 134, by dismissing the appeal, on the ground that it was improvidently taken from an order not final under Title 28, U.S.C. Section 1291 and not an appealable interlocutory order under Title 28, U.S.C., Section 1292(a).

Peacock of a substantial addition to Glynn-Brunswick Memorial Hospital Authority (Owner), Brunswick, Georgia.

 The questions raised on appeal concern: (a) the propriety of the allowance by the Special Master and the court of pre-judgment interest on a portion of the award on which interest was allowed, having been determined by the trial court to be certain in amount, capable of computation, admittedly owed and "liquidated"; and (b) the action of the trial court requiring that the expenses of the Special Master's fee be paid equally by the parties.

In neither particular has the appellant Travelers demonstrated error on the part of the trial court. The judgment is

Affirmed.