## 50087. LEE v. VENABLE.

CLARK, Judge.

"This is a very complicated matter that we are trying to get rid of" was the concluding comment of appellee's counsel at the time this matter was presented in the trial court. (T. 17). Confirmation of this remark is shown in the briefs submitted on this appeal as each of the three advocates argue that the legal issue presented is different from that submitted by the other two briefs. The writer confesses that upon first consideration of the record in this appeal it appeared to be a riddle wrapped in mystery and encased in enigma. Having threaded our way through the legal labyrinth and searched through the factual morass, we preface our decision with a condensed statement of the appeal record.

This suit began as an in rem action by the State Highway Department in connection with widening an existing highway. Condemnor deposited the amount estimated as being just and adequate compensation for a strip of vacant land designated as parcel 22 and obtained a judgment of condemnation vesting title thereto in the State Highway Department on September 18, 1970. Seven parties were named as condemnees. Appellant Lee was not among these but was permitted over the State Highway Department's objection to file his intervention claiming to possess a leasehold on which he alleged entitlement to a portion of the condemnation funds.

This intervention was granted after Venable as owner of the land had filed his notice of appeal to a jury because he was dissatisfied with the amount of the award on deposit. After Venable had completed a cross examination deposition of Lee he filed a motion for summary judgment in which he sought "a summary judgment dismissing the intervention of Leonard Lee." (R. 77). A counter-affidavit was filed by Lee as well as an affidavit from the State Highway Department resident engineer in which he undertook to contradict a claim made by Lee for loss of business profits during construction. We do not deal with that claim, since our consideration, as was that of the judge below, is limited to

the motion filed by Venable in which he sought "a summary judgment dismissing the intervention of Leonard Lee." (R. 77). The instant appeal by Lee is from the order in which the court ruled "that Mr. Lee is not a proper party and that said intervention should be and the same is dismissed." (R. 84). *Held:*

1. "On a motion for summary judgment by the defendant, the complaint is to be construed liberally in favor of the complainant. The burden is upon the movant to show no genuine issue as to any material fact, and the opposing party is given the benefit of all favorable inferences that may be drawn from the evidence. [Cits.] " *Candler General Hospital v. Purvis,* 123 Ga. App. 334, 335 (1) (181 SE2d 77).

2. An examination of the evidence presented below discloses the existence of a genuine issue of material fact as to whether the appellant was in possession of a leasehold interest in the appellee Venable's land when condemnation proceedings were initiated by the State Highway Department.

3. " 'A leasehold interest in premises for a definite term is property within the meaning of that word as it is employed in Paragraph I, Section III, Article I of the Constitution of this State, in which provision is made against the taking or damaging of private property for public purposes without just and adequate compensation being first paid.' [Cits.]" *Ammons v. Central of Georgia R. Co.,* 215 Ga. 758 (3) (113 SE2d 438).

4. A tenancy at will is a leasehold estate and as such the tenant at will is entitled to compensation for the public taking of his interest. *Hayes v. City of Atlanta,* 1 Ga. App. 25 (57 SE 1087); *Alexander v. Rozetta,* 110 Ga. App. 660 (139 SE2d 451). See generally, 2 Nichols, The Law of Eminent Domain, § 5.23 [5] (1974).

5. Appellant deposed that a portion of the premises which he had leased had been condemned. (R. 60, 61, 63). This evidence is sufficient to support a condemnation award. See *Hayes v. City of Atlanta,* supra. Accordingly, the trial court erred in granting Venable's summary judgment motion.

*Judgment reversed. Pannell, P. J., and Quillian, J., concur.*

SUBMITTED JANUARY 10, 1975 — DECIDED
FEBRUARY 21, 1975.

*Joseph E. Cheeley,* for appellant.
*Stark, Stark & Henderson, Homer M. Stark,* for appellee.