## 52170. VENABLE v. STATE HIGHWAY DEPARTMENT.

McMURRAY, Judge.

This is a condemnation case involving an in rem action by the State Highway Department in connection with the widening of an existing highway. A strip of property in front of a beer package store and restaurant was taken.

Subsequent to the filing of the proceedings the holder of a leasehold interest in the property sought to intervene, but was dismissed on summary judgment. In *Lee v. Venable,* 134 Ga. App. 92 (213 SE2d 188) the dismissal of

the holder of the leasehold interest was reversed.

The case proceeded to trial, and the jury returned a verdict for the defendant Venable as the owner in the actual damages of $9,000, but did not find any consequential damages. The jury did not award the holder of the leasehold interest, Lee, any sum for the lease but awarded him damages for the loss of his business in the amount of $7,000.

Defendant, Venable, the condemnee, as owner of the land, filed a motion for new trial which was amended and after a hearing denied. Defendant appeals. *Held:*

1. The burden of proof is on the condemnor to prove the value of the premises or injury thereto, resulting from the taking of the property. Here the condemnor must prove the value of the property taken. This does not prevent condemnor from producing evidence beneficial to itself. *Ga. Power Co. v. Brooks,* 207 Ga. 406 (4), 411 (62 SE2d 183).

2. The measure of consequential damages to the remainder of the land not actually taken is the diminution of its market value, if any, just prior to the time of taking, compared with its market value in its new circumstances just after the time of taking. *State Hwy. Dept. v. Hood,* 118 Ga. App. 720 (1) (165 SE2d 601).

3. The loss of prospective profits or potential loss of the property may be shown as an item of damages. *Central of Ga. Power Co. v. Stone,* 139 Ga. 416, 419 (77 SE 565); *Housing Authority of City of Atlanta v. Troncalli,* 111 Ga. App. 515 (142 SE2d 93); *Bowers v. Fulton County,* 221 Ga. 731, 739 (146 SE2d 884). But such evidence must not be remote and speculative.

4. Since the State Highway Department as condemnor offered evidence that there were no consequential damages to the remaining property, it cannot be said that it failed to prove the value of the consequential damages which condemnor's witness testified was zero. See *Ga. Power Co. v. Brooks,* 207 Ga. 406 (4), 411, supra. Of course, condemnee offered other evidence to show considerable consequential damages to the property. Nor can you equate the loss of the leaseholder's business as consequential damages but rather as a special element of damages suffered by him.

*Housing Authority of City of Atlanta v. Troncalli,* 111 Ga. App. 515, supra. *Bowers v. Fulton County,* 221 Ga. 731 (2), 739, supra. There is no merit in the first enumeration of error contending condemnor failed to carry the burden of proof.

5. There was testimony that the building would violate the building set back line as shown on a plat admitted as defendant's Exhibit No. 2, but the court did not allow the witness to testify as to the violation of the Gwinnett County zoning regulations or to testify that defendant would be at the mercy of the "Appeals Board of Gwinnett County Zoning." No proof of this was otherwise shown. Hence, there was no evidence showing that defendant suffered consequential damages by virtue of the fact that he is no longer able to use the property for any other purpose than that for which it was used, or that the buildings cannot be expanded or enlarged without first obtaining approval of the Gwinnett County Board of Zoning. The evidence failed to establish this to be true. See *State Hwy. Dept. v. Hurt,* 121 Ga. App. 188, 189 (173 SE2d 279). There is no merit in the second enumeration of error.

6. The next enumeration of error complains of the court's failure to properly instruct the jury that the burden of proof was upon the condemnor to prove that no consequential damages existed. The court did generally charge that the burden of proof was on the condemnor to prove by a preponderance of evidence what amount of money constitutes just and adequate compensation for the actual property taken and to determine if the owner suffered any consequential damages to the remaining property. However, it is noted that as required by Section 17, Appellate Procedure Act of 1965, as amended (Code Ann. § 70-207; Ga. L. 1968, pp. 1072, 1078), no objection was made as to this charge when the defendants were given a suitable opportunity to object to the charge. Unless the charge is so blatantly prejudicial and results in a gross miscarriage of justice such a charge will not be considered as "harmful as a matter of law." See *Barlow v. Rushin,* 114 Ga. App. 304 (1) (151 SE2d 199); *Colley v. Stump,* 119 Ga. App. 220 (2) (166 SE2d 616); *Trollinger v. Magbee Lumber Co.,* 132 Ga. App. 225, 226

(2) (207 SE2d 701); *Reynolds v. Huckeba,* 231 Ga. 792, 794 (204 SE2d 149).

7. Generally in condemnation cases, the instructions to the jury should be such that the jury may determine separately the value of the land or interest taken, and the consequential damages to the land not taken, and by balancing the latter against any consequential benefits, reach a lump sum verdict which includes both items of depreciated value to the land owner. See *Ga. Power Co. v. Sinclair,* 122 Ga. App. 305 (1) (176 SE2d 639). But this would not require a charge by the court so as to clarify the method by which the defendant's expert arrived at his appraised figures. On objection after the charge, the court stated that this would appear from what the jury understood the witness based his opinion. We agree. There is no merit in this complaint.

8. There was conflicting evidence as to value, and this court cannot say the evidence was insufficient to support the award of damages for the taking. Code §§ 38-1805, 105-2015; *Daniels v. Hartley,* 120 Ga. App. 294, 295 (170 SE2d 315).

*Judgment affirmed. Pannell, P. J., and Marshall, J., concur.*

ARGUED MAY 4, 1976 — DECIDED MAY 26, 1976.

*Morgan & Sunderland, Thomas Stanley Sunderland,* for appellant.

*Arthur K. Bolton, Attorney General, William C. Joy, Assistant Attorney General,* for appellee.