## 53091. VENABLE v. LEE.

MCMURRAY, Judge.

Venable was the owner of certain real estate taken to widen a state highway. Lee, who held a leasehold interest in the property taken, intervened in the condemnation action in rem. In *Lee v. Venable,* 134 Ga. App. 92 (213 SE2d 188), the dismissal of Lee was reversed.

Before the intervention of Lee, Venable had filed his notice of appeal to a jury because he was dissatisfied with the award of $7,800 deposited in court by condemnor.

In *Venable v. State Hwy. Dept.,* 138 Ga. App. 788 (227 SE2d 509), this court affirmed the jury's verdict of $9,000 for Venable and $7,000 for Lee's loss of his business, for a total sum of $16,000. Condemnor paid into the registry of the court the difference between the amount of damages previously deposited and the amount determined by the jury, and the interest on the difference.

The court then executed an order for the disbursement to Lee of $7,000 plus interest from the time of the taking on the entire $7,000. The court later ordered the disbursement to Venable of $9,000 plus interest from the time of taking on only $1,200.

Venable filed a motion to amend the judgment, contending that the disbursement was an erroneous apportionment of the interest paid by condemnor. Venable's motion was denied, and he appeals. *Held:*

1. It has long been settled in Georgia that in condemnation cases where the jury award exceeds the amount initially awarded, the condemnee is entitled to interest on the difference between the amounts of just compensation fixed at the time of taking and later by the jury, measured from the date of taking. *Central Ga. Power Co. v. Stone,* 142 Ga. 662 (2) (83 SE 524); *Housing Authority of the City of Atlanta v. New,* 220 Ga. 1 (136 SE2d 732); *State Hwy. Dept. v. Rogers,* 118 Ga. App. 626, 629 (165 SE2d 172). Here, the question is the proper method of dividing such interest between multiple condemnees, one of whom intervened after the initial award.

2. Venable's appeal to the jury as to the amount of the award challenged the size of the fund as estimated by condemnor. On the other hand, the intervention of Lee challenged the proposed distribution of the fund, asserting that Lee should receive a portion of the fund and Venable should not receive all of it. As to the disbursement orders, no entry of final judgment was made upon an express direction for the entry of final judgment under Code Ann. § 81A-154 (b) (§ 54, CPA; Ga. L. 1966, pp. 609, 658), particularly as to the first order of disbursement. The court's plenary control of the case had not ended. Thus appellant could move to vacate and set aside the disbursement orders. Compare *Mulligan v. Scott,* 134 Ga. App. 815 (217 SE2d 307); *Spikes v. Carter Realty Co.,* 136 Ga. App. 648 (222 SE2d 154).

3. Condemnor had deposited $7,800 in court as its estimate of the just compensation for the property taken. The intervention of Lee was the assertion of a claim in the fund deposited in court by the condemnor. This claim was for an appropriate proportion of the $7,800 as well as for a portion of any future additions to the fund. If the fund had not been increased in size by the jury's verdict Lee's claim would have been solely against the $7,800 and if the claim were successful would have been satisfied by the payment of a portion of that fund.

Therefore, it cannot be accurately stated that the condemnor did not deposit any funds in the registry of the court for Lee at the time of the taking. The division of the interest having been predicated on this erroneous supposition, we find that the court erred.

The size of the fund and the manner of its division being separate elements, we see no reason to imply that the proportion of the fund to which each condemnee is entitled will vary with the size of the fund. We therefore find that the original $7,800 deposited in the court should be attributed to each condemnee in the proportions determined by the jury. Consequently, the interest paid by condemnor should be apportioned by the same measure determined by the jury's verdict, 9/16 for Venable and 7/16 for Lee.

*Judgment reversed. Quillian, P. J., and Marshall, J., concur.*

ARGUED NOVEMBER 3, 1976 — DECIDED JANUARY 4, 1977 — REHEARING DENIED JANUARY 31, 1977 —

*Morgan & Sunderland, Thomas S. Sunderland,* for appellant.

*Joseph E. Cheeley, Jr., Richard D. Chandler, Jr., Arthur K. Bolton, Attorney General, Michael E. Hobbs, Assistant Attorney General,* for appellee.